## DAVIS HATCH *versus* EDMUND C. ALLEN & al.

To enable the Court to decide an action upon an agreed statement of facts, the statement must appear to have been made in a case legally before the Court for its decision. The parties cannot by their agreement present a case to the Court for its decision in a manner not authorized by law.

When an action comes into this Court by an appeal from a district court, if the latter court had not jurisdiction of the action, this Court can obtain none by virtue of the appeal, and the action will be dismissed.

The title to real estate cannot be considered as concerned or brought in question, in the sense intended by Rev. Stat. c. 116, § 1 and 3, when it is not put in issue by the pleadings or brief statement, and cannot be affected by the judgment.

In an action of assumpsit to recover compensation for the use of certain real estate, brought before a justice of the peace or municipal court, if the defendant pleads the general issue, and files a brief statement, in which he denies, that the plaintiff had any title to the premises, and alleges that he occupied under one who had title, such brief statement does not, under the statute, authorize the removal of the action to the district court, to be there tried and determined, without any trial or judgment by the justice of the peace or municipal court.

---

NOTE. — By an act of the Legislature, approved July 22, 1848, it is made the duty of the Reporter of Decisions of the Supreme Judicial Court,

Hatch v. Allen.

THIS was an action of assumpsit, originally brought before the municipal court of Bath. The first count in the declaration was on an account annexed to the writ, containing this item only : —

" To rent of the portion of the house formerly owned by William Pettengill, for the year 1842, set off to me on execution, $18,63." There was a second count, for money had and received ; and a third, for use and occupation of the land set off to him on execution, against H. G. Allen. The defendants were Edmund C. Allen and Sarah H. Pettengill.

Before the Bath municipal court, the general issue was pleaded, and joined, and a brief statement, of which a copy follows, was filed by the defendants.

" And for brief statement the said defendants say, that in the levy and return on said execution there is no title set forth or proved in said Hatch, whereby to enable him to sustain an action of assumpsit for rent against them, and that said title is not in said Hatch ; that the defendants have always, since the death of the said William Pettengill, up to and beyond the time for which said Hatch has sued them, for the recovery of the rent sued for, by him, been the tenants of the premises under said Pettengill. And, they further say, that said levy is void for uncertainty. She, said Sarah H. Pettengill, further says, that

to " make true and authentic reports of all their decisions," " *together with the points made by counsel in argument, and the authorities cited.*" This would seem to require a report of all the points made by counsel, however numerous, even if the decision of the Court should be confined to the consideration of but one, finding that to be decisive of the whole case.

In requiring the points made by counsel, and the authorities cited, to be given, it cannot be supposed, that it was intended that counsel should appear to be chargeable with the absurdity of making points wholly foreign to the case. It would, therefore, seem of necessity to follow, that such facts must be given, as may show the pertinency of the points made by counsel to the case.

It is to conform to this enactment of the Legislature, that the Reporter has, in the present case departed from the practice heretofore generally adopted by him, to limit his statements of the facts and notices of the arguments to such merely, as had some relation to the questions considered by the Court in the opinions given.

she is widow of said William Pettengill, and held the same, as tenant in dower, and so cannot be held to answer in this case.

"And thereupon the matter was removed to the district court."

While the action was pending in the district court, the parties agreed upon this statement of facts.

"This action was originally brought before the municipal court of the town of Bath, to recover rent of the defendants and came up here by appeal.

"The writ is dated July 20th, 1844. The writ has an account annexed, money count and a count for use and occupation. The writ is to be copied and made a part of the case, also the pleadings.

"Before the municipal court, the general issue was joined, and the defendants put in a brief statement claiming title in themselves, (which is to be copied) and thereupon the matter was removed to this Court. The recognizance and other papers that came up from the municipal court can be referred to, but need not be copied.

"The plaintiff claims title to the premises occupied by defendants by virtue of a set-off made on an execution issued upon a judgment recovered at the April Term, Dist. Court, Mid. Dist. 1840, in favor of the plaintiff and against one Horatio G. Allen. The execution dated May 15th, 1840. Upon which execution the right of said Horatio G. Allen to the premises in question was set off June 5th 1840, as will appear by the appraisers' and officer's returns on said execution. The execution and appraisers' and officer's returns, and all other matters appearing on the same, are to be copied and made a part of the case.

"A copy of the appointment of appraisers on the estate of William Pettengill, late of Bath, to set off to Sarah H. Pettengill, the widow of William, one third part of such estate, is to be referred to as a part of this case, but need not be copied, also the return of such appraisers, dated Nov. 8th, 1842, assigning said Sarah dower, and the acceptance of the same by the

judge of probate on the 27th of Feb. 1843, may be referred to as a part of this case, but need not be copied. The commission to the appraisers was issued by the judge of probate for Lincoln county on the 17th of August, 1842.

"It is also agreed between the parties that William Pettengill died intestate, before May, 1840; that Horatio G. Allen, the judgment debtor in the execution before referred to, married before the death of said William, one of his daughters, who is still living, and said Allen is still living; that the real estate described in the return on said execution, *Hatch* v. *H. G. Allen*, was a part of the estate of William Pettengill, and that he was seized and possessed of the same in *fee simple*, at the time of his decease, and was in the use and occupation of the same.

"That the defendants occupied said premises, set off as per the return in said execution, as described in the account annexed, and declarations in said writ, and that the sum charged in said account, and sued for in said writ, is correct, if the plaintiff is entitled to recover any thing by virtue of any title he may have derived in the premises, by virtue of the levy aforesaid; the previous rent having been paid up by the defendants to the plaintiff, up to the time charged in said accounts, but not including the rent sued for in this action.

"It is also admitted that there were other children at the time of the decease of William Pettengill, besides the wife of H. G. Allen, and that the right of said H. G. Allen, as husband to his wife, daughter of said William, was set off to Hatch, the plaintiff in this suit; and that this suit is brought to recover a fair compensation for the use and occupation by the defendants of that portion of the premises said to have been set off as aforesaid to the plaintiff, on the execution against said Horatio G. Allen, and that Sarah H. Pettengill, one of the defendants, is the widow of William Pettengill, deceased, and she is still living.

"If the Court should be of opinion that the plaintiff is entitled to recover upon this statement of facts, then the defendant is to be defaulted, if otherwise, then the plaintiff is to be nonsuit.                    "Sawyer and Sewall, for plaintiff,

"Nathaniel Groton, for defendants."

Copy of the appraisers' and officer's return, in making the levy, omitting the description of the premises.

"Lincoln, ss. — June 5, 1840. Personally appeared John Smith, John Staniford and Jeremiah Ellsworth, and made oath that they would faithfully and impartially appraise such real estate as should be shown them to satisfy this execution, together with all fees. Before me,

"Henry Tallman, Justice of the Peace."

"Lincoln, ss. — June 5, 1840. We the subscribers, freeholders of the county of Lincoln, having been duly chosen and sworn, faithfully and impartially to appraise such real estate of the within named Horatio G. Allen, jr. as should be shown to us by the within named Davis Hatch, the creditor, to satisfy the within execution, with all fees, and having viewed the following real estate, viz., a lot of land and the buildings thereon, situate in Bath, in said county, which has been shown to us by the within named Davis Hatch, as the real estate of the said Horatio G. Allen, jr. in fee simple, viz. — in right of his wife who is an heir at law of the estate of William Pettengill of said Bath, deceased, and as said estate cannot be divided and set out by metes and bounds to satisfy the within execution and fees, we do appraise the rents thereof, at the rate of eighteen dollars and sixty-three cents per annum, for the purpose of extending the said execution thereon.

"Dated at Bath, this the fifth day of June, A. D. 1840.

"John Smith,
"John Staniford,
"J. Ellsworth."

"Lincoln, ss. — June 5, 1840. Received seizin of the aforesaid rents of the said real estate, by the hands of Reuben Small, deputy sheriff.          "Davis Hatch."

"Lincoln, ss. — June 5, 1840. By virtue of this execution I have caused to be chosen three disinterested and discreet freeholders of said county of Lincoln, one of whom, to wit, John Staniford, by the within named Davis Hatch, the creditor, another, to wit, Jeremiah Ellsworth was chosen by myself, and the third, John Smith, was chosen by the within named

Horatio G. Allen, jr. the debtor, who was duly notified by me, and the said freeholders, having been sworn faithfully and impartially to appraise such real estate of said debtor as should be shown to them to satisfy this execution with all fees. And the above described real estate having been so shown to them by the said creditor, and it appearing that the same could not be divided, and set out by metes and bounds to satisfy the said execution, I caused the said freeholders to appraise the rents thereof, which were accordingly appraised by them at the rate of eighteen dollars and sixty-three cents per annum. And I have this day levied the within execution on the same rents, and delivered seizin thereof to the said creditor, to hold and enjoy the said rents henceforth, to him, the said creditor, and his assigns, according to the statute in this case made and provided, until the said execution, amounting to the sum of one hundred and twelve dollars and thirty-eight cents, and the fees and charges, amounting to the sum of ————, and all other legal charges, shall be thereof fully levied and satisfied. And having received the charges and fees of the levy aforesaid, of the said creditor, I return this execution fully satisfied.

" Fees. $12,96.                  " R. Small, Dept. Sheriff."

The case came from the district court to this Court by appeal.

This case was argued in writing as follows.

*B. F. Sawyer*, for the plaintiff.

This action is brought to recover rent for certain premises occupied by defendants in Bath, in 1842. The title to which the plaintiff acquired, by virtue of a set-off on a certain execution against H. G. Allen.

At the trial before the municipal court in Bath, the general issue was pleaded and joined, and the defendants put in a brief statement, alleging title in themselves, though not very accurately drawn, all defects in same have been waived by the agreed statement of facts, admitting such plea to have been properly put in, and to be sufficient, so that the Court might not be troubled on that point.

Hatch *v.* Allen.

The case resolves itself into two single propositions. — The defendants admit the occupancy of the premises, by them, at the time of the set-off, of H. G. Allen's interest to the plaintiff, in June, 1840, and during the time sued for in said writ. That the sum charged in the account annexed to said writ, is correct if the plaintiff is entitled to recover any thing by virtue of the set-off and levy aforesaid; the defendants contending that the levy is void for uncertainty, and so defective that no title passed to the plaintiff by virtue of said levy.

The plaintiff says, that said levy is not void, but that H. G. Allen's interest did pass by virtue of said levy. The whole rents and profits of the whole estate, described in the appraisers' return were not set off to the plaintiff, only a portion, to wit, the rents and profits of that portion of the estate in which H. G. Allen had an interest, in right of his wife. But, whether it did or did not pass, it is wholly immaterial, for it is too late for the defendants to contest plaintiff's title; they have admitted title by occupying said premises as tenants under the plaintiff. The papers in the case clearly show the relation of landlord and tenant.

It is admitted that the defendants occupied the premises at the time of the levy in 1840, and ever since, and that they have paid the rent of same, to the plaintiff for the years of 1840, 1841. We therefore say, that the case presents this question for the consideration of the Court, to wit, can the defendants, who by the payment of rent for about two years previous to the accumulation of the rent now sued for, have acknowledged the possession, title and right of the plaintiff in the premises, and themselves to be the tenants of the plaintiff, standing by their own acts, in the relation of tenants at will of the plaintiff, now be permitted, when called upon by the plaintiff to pay the rent of 1842, to turn round, and contest his title, without showing or pretending to show, the termination of such relation created by their own acts; we apprehend that such is not the law, and cite, *Bonny* v. *Chapman,* 5 Pick. 124; *Codman* v. *Jenkins,* 14 Mass. R. 93; *Bigelow* v. *Jones,* 10 Pick. 161.

Whatever might have been the rights of the defendants before the payment of rents, by reason of any defect or uncertainty in the levy aforesaid, (none appearing, as we say,) that the payment of rent for the years 1840 and 1841, will operate as a waiver of such defence in the present action, for by their voluntary act they are now estopped from denying or contesting the right and title of the plaintiff, and this action is therefore properly brought. The defendants were conusant of all the facts, in reference to the origin of plaintiff's title, and being so possessed of all the facts, paid the rent that had previously accrued during the years of 1840 and 1841, for the defendants admit, by the agreed statement of facts in the case, the right of the plaintiff to recover, and that the sum charged is correct, provided the plaintiff acquired any title, by virtue of said set-off. The account shows the charge to be for rent of 1842, and the defendants cannot allege that the plaintiff, by their refusal to pay further rent, was disseized. *Sacket* v. *Wheaton*, 17 Pick. 103; *Boston* v. *Binney*, 11 Pick. 1.

*Groton*, for the defendants.

This is an action of assumpsit to recover rent of the defendants, for occupying that portion of the house formerly owned by William Pettengill set off on execution.

Now can Hatch recover on the state of facts and matters inferable from the case? It is agreed, that the whole estate belonged to William Pettengill, that he died intestate, left Sarah Pettengill his widow and several children, who were his heirs; that the plaintiff, after the death of William Pettengill, brought an action against H. G. Allen, who married one of the daughters of William Pettengill, and attached the right said Allen had in said Pettengill's estate, by descent to Allen's wife. The case also shows, that Sarah Pettengill, one of the defendants, was lawfully in possession of the premises as tenant in dower, and so had a right to occupy, as her dower therein, set out afterwards in same premises. How did the estate stand, when Hatch levied his execution, and what title did he obtain by the levy? Supposing the levy good, it is not pretended,

Hatch obtained a greater or different right to the premises of William Pettengill, than had the daughter, the wife of H. G. Allen, Hatch's execution debtor ; then Hatch, by the levy, June 5, 1840, became a tenant in common of William Pettengill's real estate, with the widow, Sarah Pettengill, and the other children of William Pettengill ; this was soon after the death of William Pettengill, and as the levy of the execution shows. Could H. G. Allen and his wife have maintained an action against these defendants for rent, had there been no levy or supposed title in Hatch, and the estate remained undivided and in common with the widow, Sarah Pettengill, and the other heirs, if not needed to pay the debts of intestate ? It is clear and settled beyond question, that Allen and his wife, had the estate remained in them, could not have sustained an action for rent against Sarah Pettengill and E. C. Allen ; and if so, neither can Hatch, who cannot have a better or different title, than could Sarah Allen and her husband, H. G. Allen, from whom Hatch derives what title he has to the premises. As the question of title is here contested by the defendants, as by brief statement will appear, this action cannot be maintained. *Miller* v. *Miller*, 7 Pick. 133 ; and this case admitting the common tenancy. Again it is urged, that the defendants had previously paid rent. This is immaterial, as they might have so done, through a mistake of their rights or to quiet Hatch ; at any event, it is sufficient in this case, that no attornment or direct promise on the part of defendants was made to Hatch. The second main objection, and fatal to the plaintiff's recovery in this action is, that the plaintiff has derived no title to the premises for the occupancy of which this action is brought. And first. The appraisers of the estate of H. G. Allen and wife, have, by their return, viewed the whole estate and that of all the heirs and the widow of William Pettengill, the ancestor ; they further certify " that the same cannot be divided" for the reason that it was a common estate ; they then appraise " the rents thereof," that is, the whole estate, " at $18,63, per annum, for the purpose of extending Hatch's execution thereon." This is the exact sum demanded in the plaintiff's writ, so that

this action is brought to recover the whole of the annual income, that is, the right of the widow's dower and all the income belonging to the other heirs. Now let us take a view of the levy of the officer, which is made part of the case, and creates the plaintiff's title (if any) and his right to recover in this action. The return shows, that the same, as appraised, was an estate that could not be divided and set out by metes and bounds, and which is an estate in common. The officer then returns, that he caused the freeholders to appraise the rents and profits thereof, " which were accordingly appraised by them at the rate of eighteen dollars $\frac{63}{100}$ per annum. And I have this day levied the within execution on the same rents, and have delivered seizin thereof to the said creditor, to hold and enjoy said rents henceforth to the said creditor according to the statute in this case made and provided, until the said execution, amounting to the sum of one hundred and twelve dollars, and the fees and charges amounting to the sum of ———, and all other legal charges shall be thereof fully levied and satisfied, &c." Now this return is void for three reasons.

First. The estate of Horatio G. Allen and wife is not levied on, but the whole estate.

Second. It is void because at the time of the levy there were no rents of said estate, and the acknowledgment on the part of the plaintiff, on the 5th of June, 1840, that he had received seizin of the aforesaid rents of the said real estate, that is, the whole estate by the hands of Reuben Small, the officer, is impossible. Now, this shows that there was no entry by Hatch on the premises, or attornment by the defendants, and that there were no rents of said real estate in existence, at that time, so that Hatch received no livery or legal seizin of said estate, to render his levy effectual, or enable him to sustain this action, and so took nothing by his levy. The levy is void, for uncertainty, and not on the estate of Allen and wife. So Hatch had no title or right to any part of Wm. Pettengill's estate. If he had, the case shows he was a tenant in common with the widow and heirs of Wm. Pettengill, and

so cannot maintain an action of assumpsit on an implied legal promise to pay, on the part of the defendants.

To the latter point I refer to 2d of Pick. *Cutting and wife v. Rockwood*, page 443. It seems unnecessary to urge the argument further.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an action of assumpsit brought before the municipal court for the town of Bath, to recover compensation for the use and occupation of certain premises described. The general issue was pleaded and joined. The defendants filed a brief statement, in which they denied, that the plaintiff had any title to the premises, and alleged that they were the tenants of another person deceased, and that one of the defendants, being the widow of that deceased person, had occupied the same as tenant in dower. The case was removed to the district court, without any trial or judgment, because it was considered, that the title to real estate was brought in question.

In the district court the counsel agreed upon a statement of facts. It is now contended, that any previous irregularities or defects in these proceedings must be considered as thereby waived or cured.

To enable the Court to decide upon it, the agreed statement must appear to have been made in a case legally before the Court for its decision. The parties cannot, by their agreement, present a case to the Court for its decision in a manner not authorized by law.

It therefore becomes necessary to inquire, whether this case has come into this Court legally, and according to the provisions of the statutes regulating the jurisdictions of our legal tribunals. It is presented in this Court by an appeal from a judgment of the district court; but if that court had not cognizance of the action, this Court can obtain none by virtue of that appeal.

The statute, c. 116, § 1, gives the exclusive jurisdiction to justices of the peace of all civil actions, "wherein the debt or damages demanded do not exceed twenty dollars; excepting

real actions, actions of trespass on real estate, actions for the disturbance of a right of way or any other easement, and all other actions, where the title to real estate according to the pleadings or the brief statement filed in the case by either party, may be in question." The last clause only can have any application to this and cases of the like kind. Provision is made in the third section for the removal of the actions excepted by that clause, and they are described as actions, in which "the title to real estate is concerned or brought in question." The municipal judge had in this case, the jurisdiction of a justice of the peace.

If the true construction of the statute be such as to allow all civil actions legally commenced before a justice of the peace to be removed without any trial, in which the title to real estate may be brought in question only in a collateral manner, it may include many actions, which, according to the former statute provisions, could not have been removed. In an action of trespass, for an assault and battery, the defendant, by a brief statement, may allege that it was committed in defence of his own freehold estate. In an action of trespass *quare clausum,* the defendant may in like manner deny the title and possession of the plaintiff, without alleging any title to be in himself or any other person. In actions of trespass, or of trover, or of replevin, the title to personal property may depend upon the title to real estate. In all actions brought to recover compensation for the use of real estate, the defendant by a brief statement may deny, that the plaintiff has any title without alleging the title to be in any other person. In all such cases the title is introduced in a collateral manner, and is used only as testimony to prove or disprove the issue. It is not put in issue by the parties. There can be no direct finding upon it. It cannot be affected by the judgment. Another and different matter is put in issue, and the judgment can only be upon it.

In the present case the only matter put in issue, is the right of the plaintiff to recover compensation for the use of the estate. That alone can be decided. He may or may not be entitled to recover, whether he have or have not any legal title to

the premises, for the use of which the compensation is claimed. The defence proposed to be presented by the brief statement might as well have been presented without it under the general issue. The effect of the brief statement was only to indicate the testimony intended to be introduced, and the defence intended to be relied upon. The title to real estate cannot be considered as concerned or brought in question in the sense intended by the statute, when it is not put in issue by the pleadings or brief statement, and cannot be affected by the judgment.

*Action dismissed.*