PIKE v. GREGORY.

(Circuit Court of Appeals, First Circuit. May 11, 1899.)

No. 268.

1. CITATION—NECESSITY ON APPEAL—SPECIAL APPEARANCE.
   With reference to the rule that there is no necessity for issuance of citation where appeal is taken in open court, one who appears for the purpose of making a motion to dismiss, even though the motion relates to a want of jurisdiction and lack of proper service, is in court for all purposes relating to the disposition of the motion, whether on appeal or otherwise.

2. JURISDICTION AS BASIS OF MOTION TO DISMISS APPEAL.
   That the court below had no jurisdiction of the parties cannot be made the basis of a motion to dismiss an appeal.

3. SUBSTITUTED SERVICE IN ANCILLARY PROCEEDINGS.
   Service in ancillary proceedings on the attorney of record in the original cause is sufficiently supported by an order permitting such substituted

service, on bill alleging that defendant is not an inhabitant of the district, and cannot be served with process and summons therein, and that he has an attorney appearing for him in the case to which the suit is ancillary, and asking that service be made on such attorney.

Appeal from the Circuit Court of the United States' for the District of Massachusetts.

Thomas H. Talbot, for appellant.

Francis A. Brooks, for appellee.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

PUTNAM, Circuit Judge. The principal facts to which this appeal relates, and the principles governing it, were stated by us in our opinion passed down March 13, 1897, in the same case, under the title of Gregory v. Pike, reported in 25 C. C. A. 48, 79 Fed. 520. Subsequent to the mandate which issued in accordance with that opinion, the complainant, by leave of the court below, amended her bill by adding thereto as follows:

"Said Charles A. Gregory, being a resident of Chicago, in the state of Illinois, as set forth in said bill, is not an inhabitant of this district of Massachusetts, and cannot be found therein, so as to be served with process and summons to appear as defendant in this suit; and at the same time said Gregory has an attorney appearing for him in this suit, and who appeared for him in said suit No. 2,170 from its institution to its termination, and appeared for said Gregory in sundry other suits, mostly in this court, brought by said Gregory concerning the matter in controversy in said suit 2,170, some of which are still pending, namely, Francis A. Brooks, of this city of Boston. Wherefore said Mary H. Pike prays that this court may order that notice of this suit and a summons to appear therein may be served on said Brooks, and that such notice, being thus duly served, may be held to be notice of this suit duly served on said Gregory."

Suit 2,170, referred to in this amendment, was the principal case, with reference to which we used the expression, in the opinion of March 13, 1897, that the proceedings now under consideration are undoubtedly ancillary in their nature. The circuit court allowed the amendment, and thereupon ordered that "substituted service be made on the attorney of record for Gregory in No. 2,170." Thereupon a subpoena issued and was duly served on Mr. Brooks. Subsequently thereto, Mr. Gregory filed a special appearance, and a motion to dismiss, of which the following is a copy:

"And now Charles A. Gregory, above named, not admitting the jurisdiction of the court in or over the above-entitled cause, and for the purpose of objecting to the exercise by the court of any such jurisdiction, comes and moves the court that the writ of subpoena issued out of the clerk's office of said court on the nineteenth day of May, A. D. 1897, which has not been served on him as by law required, may be quashed, and that said cause may be dismissed by the court for want of jurisdiction of the same.

"By his solicitor, F. A. Brooks, who appears specially for the purpose of raising the said question of jurisdiction, and that alone.

"F. A. Brooks, Solicitor for Gregory."

The court below thereupon entered a decree dismissing the bill, stating in the rescript accompanying the dismissal that "the motion in this case to dismiss the bill of complaint for want of proper service

of subpœna is granted." Thereupon Mary H. Pike took an appeal in open court, which was duly allowed.

In this court Gregory seasonably made a motion to dismiss for the reasons that no citation ever issued, and that he was never made a party defendant to the suit in the circuit court, and never appeared therein, and also because Mary H. Pike, on the record, is a citizen of the state of Maine and himself a citizen of the state of Illinois, and because the only relief sought by Mary H. Pike is an injunction to restrain him from bringing or prosecuting certain suits, so that it was, therefore, within the discretion of the circuit court whether to grant or refuse such relief, and its refusal is not a proper subject of an appeal. The last ground of the motion was not urged at the hearing, and clearly concerns the merits of the case, and is properly to be considered only after the parties are brought into court. The second ground is clearly insufficient, as this proceeding is ancillary in its nature, and, also, it could not be the basis of a motion to dismiss an appeal. The first ground for the motion is sufficiently met by the propositions of the appellant that, as the appeal was taken in open court, no citation was required, and that, inasmuch as Gregory had come into the circuit court for the purpose of making the motion to dismiss, even though it related only to want of jurisdiction and lack of proper service, he must be considered in court for all purposes relating to the disposition of that motion, whether on appeal or otherwise.

With reference to the merits of the appeal, we are unable to perceive wherein the appellant has not fully complied with all that was required by our opinion of March 13, 1897; and we think the circuit court must have been misled into making the order which it did by those portions of our former opinion which refer to the attempt of Mary H. Pike, on the former appeal, to maintain that the proceedings are in the nature of an intervening petition, and not of an original bill. In disposing of this appeal, we wish to state that we have in no manner considered the merits of the bill, or whether or not it can be maintained as an ancillary proceeding; but we hold only that, by the substituted service, the complainant has sufficiently brought Gregory before the circuit court to enable it to pass on all such matters, and all other like matters which the bill presents.

The decree of the circuit court is reversed, and the cause remanded to that court for further proceedings, and the costs of appeal are awarded to the appellant.