[No. 11105. Department One. September 23, 1913.]

THE STATE OF WASHINGTON, *on the Relation of William M. Russell, Respondent*, v. PUBLIC SERVICE COMMISSION *et al., Appellants*.[1]

RAILROADS—REGULATION—PUBLIC SERVICE COMMISSIONS—REVIEW—COUNTY—VENUE. Under Laws 1911, p. 596, § 86, providing for a review of orders of the public service commission by the superior court of the county "in which the proceeding was instituted," no other superior court has any jurisdiction to issue a writ of review, and the word "instituted" cannot be construed to mean "originated" so as to give jurisdiction to review an order in a controversy "originating" in a county other than the one where the proceeding was "instituted."

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered January 11, 1913, upon findings in favor of the plaintiff, reversing an order of the public service commission relating to train service. Reversed.

*The Attorney General* and *Stephen V. Carey, Assistant,* and *F. V. Brown* and *F. G. Dorety,* for appellants.

*Churchill & Davis,* for respondent.

MOUNT, J.—This appeal is from an order of the superior court of Snohomish county, which order reversed the order of the public service commission of the state of Washington. The original action was instituted before the public service

[1]Reported in 135 Pac. 244.

commission to compel the Great Northern Railway Company to stop certain of its trains at a point on the line of its railroad commonly known as Seamont. · The complaint in that action was filed with the public service commission at its office in Olympia, in Thurston county. Notices were regularly issued and a hearing was had in Seattle, in King county. After the hearing, the public service commission made findings to the effect that the service already given was adequate and reasonable, and dismissed the complaint. The petitioner in this action then filed his petition in the superior court of Snohomish county for a writ of review, and an order in the nature of a writ of review was issued by that court. The public service commission moved to quash the writ, upon the ground that the superior court of Snohomish county had no jurisdiction, and upon other grounds. The court denied that motion, and a hearing was had upon the merits. The court thereupon reversed the order of the public service commission, and remanded the case with directions to the public service commission to grant the order as prayed for in the complaint. This appeal is from that judgment.

Section 86 of the Laws of 1911, p. 596, provides:

"Any complainant or any public service company affected by any order of the commission, and deeming it to be contrary to law, may, within thirty days after the service of the order upon him or it, apply to the superior court of the county in which such proceeding was instituted for a writ of review, for the purpose of having its reasonableness and lawfulness inquired into and determined."

The superior court of Snohomish county had no jurisdiction of the matter, because the statute is plain to the effect that the superior court of the county in which the proceeding was instituted is the proper court in which to obtain the writ. This proceeding was neither instituted nor tried in Snohomish county.

Prior to the enactment of the Laws of 1911, the statute (Rem. & Bal. Code, § 8629) provided, that the writ of review

might be sued out in the county in which the hearing upon the complaint before the commission was held. But the later statute of 1911, above quoted, provides clearly that the writ must be sought in the superior court of the county in which such proceeding is instituted. The proceeding in this case was instituted in Thurston county, where the complaint was originally filed.

It is argued by the respondent, however, that the word "instituted" should be construed to mean "originated," and that inasmuch as the station sought to be established was in Snohomish county, that therefore the words, "in which such proceeding was instituted," should be construed to mean where the proceeding originated or was set in operation. It seems clear, we think, that this was not the intention of the legislature. The words "instituted" and "originated" have well defined and distinct meanings, and the legislature must be held, of course, to have used the word "instituted" advisedly. It was error, therefore, for the trial court to overrule the motion to quash the writ.

The judgment is therefore reversed, and the cause remanded with directions to the lower court to dismiss the action.

CROW, C. J., PARKER, GOSE, and CHADWICK, JJ., concur.