DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 11630. Department Two. December 18, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Pacific Power & Light Company, Appellant*, v. PUBLIC SERVICE COMMISSION *et al., Respondents.*[1]

APPEAL—DISMISSAL—GROUNDS—WANT OF JURISDICTION. An appeal cannot be dismissed for want of jurisdiction in the lower court to entertain the case, that question being reviewable only on the hearing of the appeal.

Motion to dismiss an appeal from a judgment of the superior court for Yakima county, Preble, J., entered August 2, 1913. Denied.

*Englehart & Rigg* and *John A. Laing*, for appellant.

*The Attorney General* and *Stephen V. Carey, Assistant*, and *Guy O. Shumate*, for respondents.

PARKER, J.—This cause is before us upon the motion of the public service commission to dismiss the appeal taken by the Pacific Power & Light Company, the relator, from a decision of the superior court for Yakima county, affirming certain orders made by the public service commission touching certain things to be done by the relator as a public service corporation. Upon the making of the orders by the commission, following a hearing in Yakima county, the relator caused the proceedings had before the commission to be re-

[1]Reported in 137 Pac. 302.

moved, by writ of review, to the superior court of that county. A hearing had therein upon the return of the writ resulted in a decision affirming the orders of the commission, from which decision the relator has appealed to this court.

The public service commission now moves this court to dismiss the appeal, insisting that the superior court for Yakima county did not have jurisdiction to review the orders of the public service commission; that its decision upon the reviewing of such orders is a nullity because of want of jurisdiction; and that, therefore, there is nothing to appeal from to this court.

Attention is called to our recent decision in *State ex rel. Russell v. Public Service Commission*, 75 Wash. 487, 135 Pac. 244, and Laws of 1911, p. 596, § 86 (3 Rem. & Bal. Code, § 8626-86), relating to review in the superior court of orders made by the public service commission. Upon this decision and this law, is rested respondents' contention that the superior court for Yakima county did not have jurisdiction, and that the superior court for Thurston county only had jurisdiction to review the orders made by the commission. This presents an interesting and important question; but we are of the opinion that it cannot be considered here upon a motion to dismiss the relators' appeal. Whether or not the superior court for Yakima county had jurisdiction is a question which is reviewable upon appeal. It seems clear to us that this court, by virtue of the appeal, has jurisdiction of the question of the jurisdiction of the superior court for Yakima county in this particular controversy. A motion to dismiss an appeal in this court may, of course, be rested upon the ground that this court has no jurisdiction; but we cannot agree with the view that the jurisdiction of this court is dependent upon the view it finally takes as to the jurisdiction of the superior court. The jurisdiction of a superior court upon appeal therefrom is always a pertinent question in this court. No decision has come to our notice holding that such a question is proper to be considered upon a motion to dismiss an appeal. Cases,

probably by the hundreds, may be found where appellate courts have reversed decisions of lower courts because of want of jurisdiction in such courts; but it seems to us that the very deciding of such a question is the assuming of jurisdiction by the appellate court so deciding it. The fact that the question of the superior court's jurisdiction is involved, and we are called upon to decide that question, is sufficient, we think, to invoke the jurisdiction of this court.

The motion to dismiss is denied.

CROW, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.