[No. 11630.   Department Two.   August 10, 1914.]

The State of Washington, *on the Relation of Pacific Power & Light Company, Appellant,* v. Public Service Commission *et al., Respondents.*[1]

APPEAL—DECISIONS REVIEWABLE—FINALITY OF ORDER OF PUBLIC SERVICE COMMISSION. Where, upon a hearing before the public service commission upon complaint against a water company, an order was entered requiring certain improvements to be made in the water system, and further directing that the defendant prepare and furnish detail plans for the improvements within a certain time, the same to be subject to the approval of the commission, etc., the order is not a final order giving the right of appeal therefrom; since all that is required of the defendant is the furnishing of plans for the improvements, after which the commission will be required to make such further order as it shall deem proper.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered August 2, 1913, confirming an order of the public service commission, upon review by writ of certiorari.   Appeal dismissed.

*Englehart & Rigg* and *John A. Laing,* for appellant.

*The Attorney General* and *Stephen V. Carey, Assistant,* and *Guy O. Shumate,* for respondents.

Mount, J.—The respondents heretofore moved to dismiss this appeal on the ground that the superior court had no jurisdiction.   We denied the motion upon that ground. 77 Wash. 1, 137 Pac. 302.   The respondents now move to dismiss the appeal upon the ground that the order of the public service commission sought to be reviewed upon this appeal is not a final order.   The appellant, in its reply brief, concedes that, if the order is not an appealable order, the motion should be granted.   The same concession was made upon the oral argument.

[1]Reported in 142 Pac. 431.

We are satisfied that the order sought to be reviewed is not a final order, and that the motion should be sustained for that reason. It appears that, in the year 1912, a complaint was filed with the public service commission charging that the Pacific Power & Light Company, a public service corporation furnishing water to the city and citizens of North Yakima, was furnishing an inadequate supply of water, maintained an inadequate system, furnished impure water without sufficient pressure, and other things. A hearing was had before the public service commission, evidence was taken, and on the 26th day of March, 1913, the public service commission entered an order which consisted of two paragraphs. The first paragraph ordered the power and light company to make the following improvements in its water system: First, to remedy the leaky and defective condition of the wooden pipes in its distributing system within the city; second, to immediately discontinue the use of the present emergency reservoir; third, to construct a concrete storage reservoir at some convenient point in or near the city at a sufficient elevation to give a constant pressure of 85 pounds and with a capacity of fifteen million gallons; and fourth, to complete the lining, fluming, fencing, and other improvement on the Wapatox canal which were then under construction by the light and power company.

The second paragraph of the order is as follows:

"That said defendant be and it is hereby further directed, required and ordered to prepare complete detail plans for making the improvements set forth in paragraph one of this order and to submit said plans to this commission within 45 days from the date of the service upon it of the findings of fact and order in this cause, said plans to be subject to the approval of this commission and to such further order making changes or modifications therein, and fixing the time in which said improvements shall be completed, as this commission shall deem proper."

After this order had been entered, a motion was made by the power and light company for a rehearing. This motion

for rehearing was denied by the commission on April 22, 1913. In the order denying the motion, the commission states:

"That if the defendant company will file an application in proper form asking for an extension of the time mentioned in paragraph 2 of the order in said cause in which to prepare and submit plans for making said improvements, the commission will duly consider the same, and will grant such extensions of time as may be just and reasonable."

A writ of certiorari was sued out to review these orders in the superior court of Yakima county. That court confirmed the order of the commission. This appeal followed.

The *Attorney General* now argues that the order is not a final order requiring the light and power company to do anything except furnish plans and specifications for the improvements which it intends to make, and that, when these plans and specifications are furnished to the commission, as provided for by the order, that then the commission will be required to approve the same, or to order changes or modifications therein; that, if changes or modifications are made in the plans submitted, it will be necessary to take evidence and make a final order in the cause.

We are satisfied that the order above quoted is not final, except as it requires the light and power company to furnish plans and specifications for the work which it is proposed to do. Apparently the appellant makes no objection to this, for it conceded, upon the oral argument, that, if that was all it was required to do at this time, it had no objection to the action being dismissed. It is plain, we think, from the order above quoted, that that is all it is required to do, and that after these plans and specifications are furnished, an order will be made by the commission which seems to them reasonable and just, which will be a final order directing the power and light company to do certain specific acts in the improvement of their water system. Un-

til that order is made, it seems clear to us that the order is not final.

The appeal will be dismissed for this reason.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.