(March 5, 1924.)

E. WILLIAMS, Respondent, v. CHARLES SKELTON and ANNA L. SKELTON, Husband and Wife, Appellants.

[224 Pac. 79.]

APPEAL—MOTION TO DISMISS—LACK OF JURISDICTION IN TRIAL COURT.
    Where an appeal is taken from a judgment or order valid on its face, lack of jurisdiction in the trial court cannot be raised on motion to dismiss the appeal.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover consideration paid on purchase of land following rescission. Judgment for plaintiff. Motion to dismiss appeal. *Denied.*

Buckner & Warren, for Appellant.

T. A. Walters, for Respondent.

Counsel cite no authorities on point decided.

McCARTHY, C. J.—Respondent obtained judgment against appellants in the lower court. Appellants gave notice of motion for a new trial. The minutes of the court contained in the record show that this motion came on to be heard in open court and was taken under advisement. Some time later a written order denying the motion was filed with the clerk. From this the appeal is taken. Respondent moves to dismiss the appeal on the ground that the order appealed from is void for the reason that the judge was without the state of Idaho at the time he signed it. There is nothing in the transcript to prove this, but it is alleged in an affidavit supporting the motion. It is questionable whether the point can be raised by such a record. Conceding, but not deciding that it can be, there is no provision in the statutes or the rules for dismissing an appeal on such ground. The attack is on the jurisdiction of the court below, not of this court. The general rule is that lack of jurisdiction in the trial court is not ground for dismissing an appeal, but rather for reversing the judgment below. (*State v. Public Service Com.*, 77 Wash. 1, 137 Pac. 302; *State v. George*, 123 Minn. 59, 142 N. W. 945; *Hatch v. Allen*, 27 Me. 85; *Halliburton v. Sumner*, 26 Ark. 659; *Pere Marquette R. Co. v. Wabash R. Co.*, 141 Mich. 215, 104 N. W. 650; *Nelson v. Leland*, 22 How. (U. S.) 48, 16 L. ed. 269; *Pike v. Gregory*, 94 Fed. 373, 36 C. C. A. 299; 4 C. J. 581, note 30.) This rule is recognized by this court in the

recent decision in *State v. Ensign, ante,* p. 539, 223 Pac. 230. There we did not go the length of holding that a judgment or order is never appealable when the court has acted without jurisdiction. We merely held that the order in that case was not appealable because it was made at a time when the court had lost all jurisdiction and had no power to take any further steps in the action. In the instant case the order was one which the court had power to make and it is valid on its face. The motion is denied.

We do not decide whether the facts set up in the affidavit would be ground for holding the order invalid if the point were properly raised on a proper record.

William A. Lee and Wm. E. Lee, JJ., concur.