The cause was continued nisi; and now at this term the opinion of the Court was delivered as follows by
Parsons, C. J.
We have considered the memorandum given in evidence, and are all satisfied that the construction of it is agreeable to the direction of the judge, and that the verdict cannot be set aside for his misdirection supposed by the defendant. Indeed, the construction, for which the defendant contends, cannot be admitted; because it is repugnant not only to the express words, but to the manifest intent of the parties.
But in looking into the declaration, it clearly appears to us that the written memorandum was not legal evidence to prove the plain tiff’s count. The allegation is that, for five per cent, commission on the sales, the defendant promised to transport the goods tc Charleston, S. C., at his own risk, against all dangers, except of the seas. The risk of transportation, except of the seas, is the only risk the defendant is there alleged to take on himself, [ * 117] when, from the memorandum, he * is liable to all risks, except of the seas, until he account for the proceeds. The contracts are materially different; and as a judgment in this action would not be a bar to another action, on the contract stated in the memorandum the verdict must be set aside, and a new trial granted, *109 when the plaintiff, if he should think proper, may move to amend on terms.
Ward for the plaintiff.
Bigelow for the defendant.