PeR Cukiam.
 

 The defendants sued the complainant at law, and recovered judgment for $857.60, for freight of certain casks of rum, brought from New Orleans to Clarkesville, whereupon the complainant filed this bill in equity, complaining that he put on board their boat at Orleans, divers casks of rum, and that after great delay they arrived at Clarkesville, when 176 gallons of the rum were missing, and were not delivered by them to the complainant, for which they ought to account, but had given no credit for in their verdict and judgment against him for the freight. He now claims it, and claimed it on the trial at law, and pleaded a plea for its admission, but the court disallowed it. He states further, that the defendants are not in this State, but have withdrawn from it, and have no property in this State, nor any debts due to them. The answer admits the loss of the rum, and attributes it to the insufficiency of the casks, and to their not being painted. He states that the delay in the voyage was caused by sickness and desertion of the crew. This court ordered a trial to ascertain whether the defendants had complied with the contract, and if not, what damages they ought to pay, under a consideration of all the circumstances. A verdict was given, August, 1815, for $357.60. And in July, 1816, one of the jurors made an affidavit in this court, stating that the assessment of damages was made by calculating the value of the rum at Clarkesville, and not at * Orleans, the port of reception. And now many questions have been made and argued at the bar.
 

 
 *357
 
 The first question is, as to the proceedings to set aside the verdict in such a case. Ought it to he set aside by the Circuit Court ? Or ought there to he a hill of exceptions exhibiting the misdirections of that court, and that brought into this court to he acted upon ? Answer : the report of the judge of the Circuit Court, where the jury do not misconduct themselves, ought to accompany the verdict into this court. If there he any matter occurring in the Circuit Court which raises a suspicion in his mind that the verdict ought not to stand, for any gross misbehavior of the jury, the court should set aside the verdict. That course is not taken in the present instance, but ought to be observed in future. This court will now look into the record, and if upon that it can be perceived upon what principles the assessment was made, and that these were not the correct ones, will rectify the mistake. We cannot go upon the ground of the juryman’s affidavit. The law wisely rejects the affidavits of jurors to avoid the danger of tampering with them after the verdict is pronounced. 1 T. 11, and other subsequent cases. The clerk and master will ascertain the fact to our satisfaction, if it became needful to inquire into it.
 

 Another question made is, as to the jurisdiction of this court. It is said, if it be legal to set off this demand, it might have been done at law; if illegal, it ought not to be done here. Answer: such is the situation of the defendants, that, if they get their execution satisfied, the complainant very probably will never get satisfaction of them, because of their removal and being withdrawn from this State, leaving nothing here out of which he can procure satisfaction. This court will interfere to prevent mischief, and the injustice which would otherwise happen. The court proceeds upon the same principles as a court of law proceeds, when it directs one judgment at law to be set off against * another; not because it is ordered by the act for allowing set-offs, but because it is natural equity that a defalcation shall be made in such case.
 

 Another question is, as to the proof. It is said this verdict might have been found on proof of conversion of the rum to the use of the defendants or their crew, or other unlawful disposition thereof. Answer : we concur with what is said by the defendants’ counsel; proof beyond the allegations of the plaintiff’s bill is not admissible, and, if given, was illegal. Such facts, if charged and proved, might have
 
 *358
 
 subjected the defendants to a different rule for the assessment of damages. 2 Burr. 882, 1172; 2 Gould’s Esp. 300; 3 Caines, 219; 2 Hay. 333
 
 ;
 
 4 Mass. 115. Here they are not charged, and it is to he presumed were not proved upon the assessment of damages.
 

 Another question is, by what rule are the damages to he assessed? We are of opinion that the true rule is in the books and cases just cited, namely, the value of the goods at the port of reception, unless, for some fault or neglect or misconduct in the carrier, justice should require the application of a different one. The case stated by the complainant’s counsel, of a conversion to the use' of the carrier after arriving at the port of delivery, would form an exception, and so would other cases colored with an equal and deeper tinge of culpability.
 

 Let the master ascertain and report to this court to-morrow morning the amount of the 176 gallons of rum, calculated at the Orleans and also at the Clarkesville value, and deduct the former from the latter. And as to the balance, when ascertained, let the injunction be perpetuated, and dissolved as to any surplus above it. And let the defendants pay the costs of this suit.
 

 If, after the correction of this verdict as aforesaid, and allowing for the freight recovered by the defendants, there shall remain a balance of the damages assessed, * to be paid to the complainant, let there be a decree for the payment thereof to him in three months from this day, with the same directions concerning costs as are above stated.
 

 See King’s Digest, 1848, 2849, 5095, 10,714.