## SELDEN & AL. *vs.* BEALE.

Where goods were left with a factor for sale, and he had sold them, or might by common diligence have so done, but had rendered no account, nor made any remittance, nor advised any one of his proceedings ;—it was held that he was not chargeable on a count for goods sold and delivered alone,—but should be declared against as factor, for the proceeds of sale.

*Assumpsit* for the price of ten barrels of pork, sold and delivered to the defendant.   At the trial of this cause, upon the general issue, before *Weston* J. the plaintiffs produced *Daniel Shaw* as a witness, who testified that he was employed by them in *January* 1820, to carry the pork to *Eastport*, to sell on their account ;—that not being able to sell it there, at that time, he stored it with one *Emery* to sell, presuming that a sale might be effected to advantage in the following spring, *Eastport*, at that season, being a good market for the sale of provisions ;—that he

then went to *St. John*, where he saw the defendant, whom he requested to assist in the sale of the pork if a favorable opportunity presented, without limiting him as to price, and at the same time informing him to whom it belonged ;—and that he informed *Emery* of this, on his return to *Eastport*.

*Emery* deposed that in the winter of 1820, a short time after he received the pork, he delivered it to the defendant's order, according to the direction of *Shaw*, to whom he supposed it belonged. It was also proved that between that time and the date of the writ, which was *June* 11, 1821, the defendant, at divers times, and by private and safe conveyances, had remitted considerable sums to a person in *Farmington*, about twenty miles from the plaintiffs' residence, for whom he had sold provisions in the *British* provinces. And it did not appear that the defendant had rendered any account, or given any advice, or remitted any money to the plaintiffs.

Upon this evidence the defendant contended that he was not liable to the plaintiffs until they demanded of him the proceeds of their pork, he having been constituted their factor to sell.

But the Judge instructed the jury that if, from the evidence, they were satisfied that the defendant, in the spring of 1820, had sold, or in the faithful discharge of his duty might have sold the goods ; it was his duty as a factor to have advised his principals of the sale, and to have rendered them an account, within a reasonable time. And it appearing that he had repeated opportunities so to do, before the commencement of this action, of which he had neglected to avail himself, he had therein failed in the performance of his duty as a factor, and was liable to the plaintiffs for the fair value of their goods, with interest from the date of the writ.—And they returned a verdict for the plaintiffs accordingly ; which was taken subject to the opinion of the Court upon the case as reported by the Judge.

*Allen* and *H. Belcher*, for the plaintiffs, being called on by the Court to shew how the verdict could be supported, the only count in the writ being for goods sold, and the whole evidence shewing the defendant to be merely a bailiff or factor ;—contended that the case plainly shewed that the defendant was chargeable to the

plaintiffs for the proceeds of the sale, as their factor, and thus their case was, at the worst, not one of a defective title, but of a good title defectively set out ; which is always sustained after verdict. *Wells v. Prime* 4 *Mass.* 6. *Moor v. Boswell* 5 *Mass.* 306. *Stilson v. Tobey* 2 *Mass.* 521. *Avery v. Tyringham* 3 *Mass.* 160. 7 *Mass.* 169. *Kingsley v. Bill* 9 *Mass.* 198. *Whitney v. Crocker* 10 *Mass.* 316.

If substantial justice has been done by the verdict, as is manifestly the case here, the Court will not disturb it. *Brazier v. Clap* 5 *Mass.* 1. *Newhall v. Hopkins* 6 *Mass.* 350. *Dwyer v. Brannan* 6 *Mass.* 330. *Cogswell v. Brown* 1 *Mass.* 237. *Gerrish v. Bearce* 11 *Mass.* 193. *Booden v. Ellis* 7 *Mass.* 507. *Pierce v. Adams* 8 *Mass.* 383.

Besides, the rule is understood to be, that objections to the evidence, as not comporting with the declaration, are not to be admitted unless taken at the trial, and the point reserved ; for if taken at the trial the plaintiff might have cured the defect by amendment. *Jones v. Fales* 4 *Mass.* 245. *Bridge v. Austin* 4 *Mass.* 115.

If the defendant was liable for the goods in *trover*, which will not be denied, then it is competent for the plaintiffs to treat him as a purchaser ; and his use of the goods as such is thereby sanctioned and confirmed. *Cummings & ux. v. Noyes* 10 *Mass.* 433, 436. And no demand was necessary. *Clark v. Moody* 17 *Mass.* 145.

*E. Pope,* on the other side argued that the undertaking of the defendant, being, for aught appearing in the case, wholly gratuitous, he was chargeable only for any breach of good faith. He was not bound to do any thing more than to assist in the sale. His duty was only to sell the goods if a purchaser should offer, and to keep the money till called for. *Jones on Bailm.* 26.

If he was a factor, he is not liable without a demand, because he had no directions as to remitting the proceeds ; and it does not appear that he had sold the goods. *Greely v. Bartlett* 1 *Greenl.* 172. The cases where a factor is made chargeable without a demand, are where he had particular orders respecting remittances. *Clark v. Moody* 17 *Mass.* 145.

Neither does it appear that he had any opportunity to forward an account, or to remit the whole proceeds. The objections therefore are not so much to the form of action, as to the right of action in any form whatever.

MELLEN C. J. at the ensuing *August* term in *Oxford*, delivered the opinion of the Court, as follows.

The writ, on examination, is found to contain only one count ; viz. *assumpsit* for ten barrels of pork sold and delivered by the plaintiffs to the defendant. But the facts reported do not shew any thing like a sale and delivery ; nor were they intended for this purpose, but to charge the defendant as bailiff or factor. The want of a proper count for this charge was not noticed at the trial, either by the Judge who tried the cause, or by the counsel for the defendant, and a verdict has been returned for the plaintiffs. We do not feel disposed to question the correctness of the opinion of the Judge so far as he meant it should extend; but he instructed the jury that if they were satisfied on certain points, relating to the defendant's proceedings as factor, then the plaintiffs might well sustain their action for the fair value of the pork. And the question now is, whether the evidence supports the verdict, so that we can render judgment on it ; or whether we must set the verdict aside, that the plaintiffs may amend their declaration and conform it to the proof in the case. It is said that the merits are found to be with the plaintiffs ; and that therefore we ought not to disturb the verdict on a formal objection ; and some cases have been cited in support of this principle. Thus in *Jones v. Fales* 4 *Mass.* 245, *Parsons* C. J. says, " I am strongly inclined to " the opinion that objections to the evidence, as not comporting " with the declaration, ought not generally to be admitted, unless " the objections were made at the trial, and the point reserved." The rest of the Court are silent on this point. At most it is the expression of an inclination of his mind only.

The Court proceeded on other grounds; and the verdict was in fact set aside. The case of *Bridge v. Austin* 4 *Mass.* 115, very nearly resembles this. *Parsons C. J.* in giving the opinion " of the Court *says* " we are satisfied that the construction of it,"

(the memorandum declared on) " is agreeable to the direction
" of the Judge, and that the verdict cannot be set aside for his
" misdirection supposed by the defendant. But upon looking
" into the *declaration,* it clearly appears that the written memo-
" randum was not legal evidence to prove the plaintiff's count ;
" and as a judgment in *this* action would not be a bar to *another*
" action on the contract stated in the memorandum, the verdict
" must be *set aside* and a *new trial* granted; when the plaintiff, if
" he should think proper, may move to amend on terms. In the
case mentioned at the bar, but not reported, the Court proceed-
ed on a similar principle, where a similar difficulty occurred on
the part of the plaintiff. This case is alluded to in *Farmington
Academy v. Allen* 14 *Mass.* 172. In *Booden v. Ellis* 4 *Mass.*
115, the question was not upon any disagreement between the
declaration and proof ; but whether *trover* would not lie as well as
*assumpsit.* The case seems to have received but little consider-
ation; and the language is so general, that, if adopted as it stands,
it would go far to abolish all the distinctions as to the different
classes and forms of action. In *Coffin v. Storer* 5 *Mass.* 252, there
was an agreement inserted in the case at the suggestion of *Par-
sons C. J.* waiving objection to the *form of action,* if the plaintiff
should be considered entitled to recover in *any* form. I was of
counsel in the cause and know the fact. · Besides, the frequent
insertion of similar agreements in statements of facts, seems to
be founded upon its necessity ; and shows the general under-
standing as to the legal principle.

It may be further observed that it is, to say the least, doubtful
whether a judgment rendered on the verdict in this case would be
a bar to another action founded on the defendant's liability as the
baliff or factor of the plaintiffs. The exceptions filed, constitute
no part of the record; and in *Jones v. Fales* the Court say, " the
" defendant cannot aver any thing *contrary to the record* to which
" he is a party;" and by the record, in the case before us, the
defendant is charged as a purchaser of the pork, and the jury, by
finding a verdict for the plaintiffs, have found that the same was
actually sold and delivered to him. The difficulties in which the
action is placed, were produced by the plaintiffs themselves or
their counsel; and they have. therefore no reason to complain.

Their declaration should have been adapted to the facts of their case. We have also examined the other cases cited by the plaintiffs' counsel ; but they are not cases of variance between the declaration and the proof, and therefore are not similar to the case before us.

On the whole, we think the verdict must be set aside and a new trial granted. The plaintiffs may then move for leave to amend, if they should think proper; and the Court will grant leave on such terms as might then be deemed just and reasonable.

*Verdict set aside.*