WARD (ROBERTS v.). See Case No. 11,-918.

## Case No. 17,160.
### WARD v. SEABRING.
[4 Wash. C. C. 472.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1824.

PRACTICE IN EQUITY—SUBSTITUTED SERVICE.

In cases of injunctions to stay proceedings at law, and in cross suits in equity, and in no others. will the court direct service of the subpœna to be made on the attorney at law, or upon the adverse solicitor in the cross suit.

[Approved in Oglesby v. Attrill. 12 Fed. 228. Cited in Gregory v. Pike, 29 Fed. 590; Johnson Railroad Signal Co. v. Union Switch & Signal Co., 43 Fed. 332; The Eliza Lines, 61 Fed. 324.]

The plaintiff having filed a bill of discovery on the equity side of the court, in relation to a certain lot of ground, for the recovery of which an ejectment is now depending in this court, at the suit of the lessee of Seabring; the solicitor of the plaintiff in equity moved the court for an order, that service of the subpœna on the attorney of the plaintiff at law, should be considered as good service. The ground of the motion was, that the plaintiff at law resides at New York. and cannot be personally served with process in this district.

Mr. Wharton, for plaintiff in equity.

Mr. Meredith, for plaintiff at law and defendant in equity.

WASHINGTON, Circuit Justice. A motion similar to the present was made in this very case, at the October term, 1823 [see Case No. 17,161]; with no other difference, except that the bill, then filed, contained a prayer for an injunction. and consequently presented a case more favourable to the motion than the present bill does, which is strictly a bill of discovery. The court considering that as an injunction bill, granted the motion for an injunction on the common terms of confessing judgment and releasing errors; stating to the solicitor who made the motion. that if those terms were complied with, the order asked for would be made. The terms not being complied with, nothing further was done. I have only to repeat what was then said. that the order asked for has

never been made by this court, except in cross causes, and injunction bills, to stay proceedings at law, and that this practice is in strict conformity with that of the English chancery, as is abundantly proved by the authorities then referred to. It is also supported by those relied upon by the counsel who made the present motion. 1 Har. Ch. Prac. 207, 208; 2 Madd. Ch. Prac. 198. But if the English practice went farther than that which this court has adopted, I should consider myself restrained from following it by the eleventh section of the judiciary act of 1789, which declares, "that no civil suit shall be brought before either of the said courts against an inhabitant of the United States by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." Now, this court has never considered this section as applying to injunctions to stay proceedings at law, or to cross bills, because, strictly speaking, they are not original suits, nor are they within the meaning and policy of the restriction. Cooper, in his treatise of Pleading on the Equity Side of the Court of Chancery. page 44, speaks of bills not original, as being those which are filed for the purposes of cross litigation of matters already depending before the court, of controverting, suspending, avoiding, or carrying into execution a judgment of the court. And in page 45, he distinctly ranks cross bills with those which are not original. Maddock, in his treatise on the Chancery Practice, vol. 2, page 198, remarks, "that in case of an injunction bill for restraining an action at law, the attorney at law is the agent of the plaintiff at law to prosecute that suit, and the suit in equity is a defence to that suit, and therefore service on him is held good service." In short, the injunction spoken of when granted, particularly in the circuit courts of the United States, is nothing more than an order of the court on its equity side, to stay further proceedings on a judgment rendered on the other side, on the ground that it is contrary to equity and good conscience that it should be carried into execution. It bears. therefore. no resemblance to a strictly original suit. The practice of the court directing service of the subpœna on the attorney of the plaintiff at law in cases of injunctions, and on the solicitor of the plaintiff in the original suit where a cross bill is filed, is founded on the necessity of the case, the plaintiff in the action at law. and in the original suit in equity, in most cases residing out of the district in which the court sits, and there being no remedy for the party unless it is afforded by entertaining those suits and countenancing a service of the subpœna on the law agent of the non-resident party. For it is not competent for the chancery court of one district or state to enjoin the proceedings at law in the circuit court of another district, and it is obvious that a cross bill can be filed only in the court where the original bill is depending. In all cases of original bills, and a bill of discovery is strictly of that kind, relief may be obtained in the fed-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

eral or state chancery courts of the state where the party against whom it is sought resides, and, consequently, there is no necessity for applying to those cases the practice which is adopted in injunction and cross bills, even if the eleventh section of the judiciary act were not in the way. It must always be kept in mind, that the injunction bills spoken of in this opinion are exclusively such as seek to restrain judgments at law in the same court. Motion overruled.