The opinion of the Court was delivered by
O’Neall, J.
The three first grounds really make the same question, was the defendant liable for the cotton lost, after it reached the Greenville and Columbia Bailroad, and before it reached its destination, Charleston ? That the Laurens Bail-road Company was liable, is, I think, plain from the receipts, whereby it plainly undertook for the delivery of the cotton in Charleston. The cases were in this respect, like the case of Lipford vs. The Charlotte and South Carolina Railroad Company, 1 Rich. 409. In that case the Company undertook for the delivery of the cotton in Charleston; and was only saved from liability for a loss, arising from the delay in reaching Charleston, by showing, that the South Carolina Bailroad was broken up by a freshet, the act of God.
The case of Muschamp vs. The Lancaster & Preston Junction Railway Company, 2 Railway Cases, 607, states, I think, the true rule. There a box was delivered to the Company, directed to a place beyond the terminus of the Company’s railway; and it was held, by Bolfe, Baron, to be liable for a loss, although the box reached Preston, the terminus, and there another took it up to transport it to its destination.
The rule was laid down in that case, by Bolfe, that where a carrier takes a parcel directed to a particular place, and does not by particular agreement limit his responsibility to a part, it is primd facie evidence of an undertaking to carry to the place, though beyond the limits of his trade, as a carrier; and therefore, that he is liable for a loss occurring even beyond his limit. This ruling was approved on appeal by Lord Abinger, C. B., Gurney and Bolfe, B’s.
*386 Tbe same principle is recognised by tbe cases cited by tbe defendant, in tbe brief. Indeed, tbe Supreme Court of New York, by Nelson, C. J., in tbe case of St. John and Tousey vs. Van Santvoord and others, 25 Wend. 660, beld, that tbe carrier was liable for a box directed to J. Petrie, Little Falls, Her-kimer, and wbicb tbe defendants received to be transported, on their tow boats on tbe Hudson, wbicb only ran to Albany, and tbe box reached Albany safely, but was lost beyond. Tbe Chief Justice said, perhaps a usage of trade might limit their responsibility. Tbe case was carried to tbe Court of Errors, and it was there beld that it was shown, that tbe usage of trade was to deliver at Albany to tbe Canal line to transport to tbe place of destination, and this limited tbe liability of tbe defendants to their terminus.
Tbe same ruling is repeated, in the Farmers' and Mechanics' Bank vs. The Champlain Transportation Company, 18 Vermont, 140. It would be enough to 'say, concede all wbicb those cases ruled, and' still tbe defendant cannot be helped, for no usage of trade was proved, that tbe Laurens Railroad Company should deliver to tbe Gr. & C. R. R. Co., at New-berry. It was true, tbe freight list was there turned over, but tbe cotton went on in tbe Laurens Railroad cars without bulk being broken. This looked more like tbe G. & C. R. R. Co., stood in tbe character of employee to tbe Laurens Railroad Company, than as liable to tbe consignor. But in all tbe cases decided in New York, Vermont, and Connecticut, there was a mere direction of tbe parcel to a point beyond tbe carrier’s trade. Here tbe carrier especially undertakes, on tbe presentation of tbe receipts given for tbe cotton, that it should be delivered in Charleston. This it seems to me ends all pre-tence, wbicb might arise under an implied undertaking from a mere direction. As to tbe notion of nudum pactum, tbe report ‘sufficiently answers it.
Two questions arise out of tbe fourth ground, — 1st was tbe Company liable for interest on tbe nett value of tbe cotton ? *387 2nd was tbe Company entitled to deduct commissions on tbe value of tbe cotton as if sold ?
Interest .was, I tbink, properly allowed. Tbe cotton lost was a casb article, at tbe place of delivery; its value was estimated on a casb sale, so that tbe plaintiffs’ loss was respectively, as of so much casb. Hence, interest must be charged against tbe carrier by wbom tbe loss was occasioned. I regard a carrier, in tbe light of an insurer against • every thing,, except tbe act of God and tbe enemies of tbe country. In 2 Phillips on Ins. 750-1, we are told tbe practice is to allow interest against tbe insurers on tbe loss from tbe time of abandonment: or perhaps more properly speaking from notice of the abandonment, and demand of payment, or after tbe expiration limited by tbe policy for payment to be made. Tbe interest here was computed from tbe time of demand of payment.
Tbe answer to tbe second question cannot, I tbink, be well doubted after it is properly considered. Tbe carrier in ordinary cases has no right to commissions. If, as in tbe case of Bridge vs. Austin, 4 Mass. Rep., 115, be undertook to transport and sell, and for so doing, then, be was to have five per cent, commissions, it may well be in tbe case of a loss, be would have tbe right to deduct tbe commissions. Por they were a part of bis compensation for bis service touching tbe article lost. But in these cases, tbe carrier bad nothing to do, but to deliver in Charleston. If a factor might there have sold, it was a matter in which tbe Laurens Railroad Company bad no interest whatever.
To illustrate tbe matter still further, suppose tbe cotton bad reached tbe Charleston depot, and tbe carrier bad refused to deliver, and trover bad been bought, what would have been tbe plaintiffs’ damages ? Tbe value of tbe article, deducting tbe freight, and adding interest on tbe nett value. In such a case, commissions could not have been talked about. How in any case can any deduction be made for that, which was *388 to be subsequent to tbe carrier’s discharge of liability, by delivering tbe parcel? Tbe authorities are, I think, clear against such allowance. Sedgewick on Damages, chap. 18, p. 369, tells us, that the rule whereby the damages are fixed, is a rule of law. At 370-1, he tells us, the rule, as to carriers is, the value of the article lost, or not delivered at the place of destination deducting his freight. The same is substantially the ruling in Gillingham vs. Dempsey, 12 Sergeant and Eawle, 183.
The motions are dismissed.
WhitNER, Glover, and MuNro, JJ., concurred.

Motions dismissed.