ABRAHAM *v.* NORTH GERMAN FIRE INS. Co.

*(Circuit Court, N. D. Iowa, E. D. March 18, 1889.)*

1. EQUITY—AUXILIARY SUIT—SUBPŒNA—SERVICE.
    Where it is held that an action at law cannot be maintained on an insurance policy unless it is reformed, and the action is continued to enable plaintiff to procure such reformation, a bill filed for that purpose is auxiliary to the action at law, and a subpœna to defendant in the equity suit is properly served on its attorneys in the law action.
2. SAME—BILL FOR REFORMATION IN AID OF LAW ACTION.
    Though plaintiff might have filed his bill for reformation in the first instance, he was not bound to do so, but had the option to adopt the course pursued.

In Equity. On motion to set aside service of subpœna.

Bill by G. G. Abraham against the North German Fire Insurance Company.

*Charles A. Clark* and *F. A. Hormel,* for complainant.

*Henderson, Hurd, Daniels & Kiesel,* for defendant.

SHIRAS, J. The complainant in this proceeding brought an action at law in a state court against the defendant company, averring that he was the owner of a certain elevator building in the town of New Hall, Iowa, and that he had been carrying on business therein in the name of one Eyler, who was in fact his agent; that the defendant company contracted to insure complainant from loss by fire on said property; that as evidence of such contract a policy of insurance was issued in the name of said Eyler; that during the life-time of said policy the property was destroyed by fire; and that the company, after due notice and proofs of loss had been furnished, refused to pay the sum due upon the contract of insurance. The defendant removed the case into the federal court, and upon demurrer it was held that upon the face of the policy of insurance, which was attached to the petition, it appeared that the contract of insurance was with Eyler, insuring his personal interest in the property, and not that which he represented as agent of complainant; that complainant could not therefore recover in the law action, so long as the policy of insurance remained as it then appeared on its face; and that, if the facts were as claimed by complainant, the remedy consisted in procuring a reformation of the written policy, conforming it to the truth of the matter. Thereupon the court, on the application of the complainant, continued the action at law, in order to permit the complainant to file a bill in equity for the purpose of reforming the policy, and by conforming it to the facts as they were claimed to be, to enable complainant to rely thereon as evidence supporting the action at law. The bill being filed for the purpose named, a subpœna was duly issued for service upon the defendant company, and was returned by the marshal, having been served upon the attorneys appearing on behalf of the company in the law action. The company, entering a special appearance, moves to set aside such service as insufficient. It is shown that the defendant com-

pany is a foreign corporation created under the laws of Germany, and it does not appear that it has within this district any officer or agent upon whom service can be had, and the marshal returns that after diligent search he is unable to find any agent of the company within the district. It is further shown that the attorneys upon whom service was had are still attorneys for the defendant company in the law action, and are charged with the duty of protecting and defending the interests of the company in that action, which is still pending.

The question is whether the suit in equity, brought to reform the policy of insurance, is auxiliary to or dependent upon the law action, in such sense that service upon the counsel in the latter action may be held to bind the defendant in the equity cause. It is not questioned by the parties representing the motion to set aside the service that, if the equitable proceeding is a mere dependency on the suit at law, service upon the counsel in the latter may be substituted for service upon the party when such substitution is necessary to enable the court to proceed in the matter. The contention is that the suit in equity is not a dependency upon the law action, but is an independent proceeding, complete in itself, and in which the party complainant might have a hearing of the entire controversy; and it is further urged that the authorities show that the right to substitute service on the attorney is confined to cases wherein the plaintiff in the law action is made the defendant in the dependent proceedings. It is also suggested that the proper course would be to require the complainant to go into the state court for relief, in the mean time staying the case at law in the United States court. The proceeding is between a citizen of Nebraska and a foreign or alien corporation. If this court should hold that the remedy could only be had by sending the complainant to the state court for relief, the same difficulty would there be encountered. It is a question of service, not of jurisdiction; and if sufficient service could be had in the state court, it can be had in this court. The proceedings under consideration in *Christmas* v. *Russell*, 14 Wall. 69, and the authorities therein reviewed and the conclusions therein announced, upon which counsel in this case rely, pertain to questions of an entirely different nature. The object and purpose of the present bill is to procure, in proper form, the evidence upon which the complainant relies to support his action at law. In this respect the proceeding is akin to obtaining evidence by a bill of discovery. To support the action at law, the plaintiff therein is compelled to invoke the aid of the court of equity in order to obtain the necessary evidence. A bill of discovery in aid of an action at law is sustainable on behalf of either plaintiff or defendant therein, and is deemed to be a dependent or auxiliary suit. The present bill is based upon the allegations that a suit at law is pending; that the complainant needs the aid of a court of equity to perfect his evidence; and it is clear that, if upon the hearing upon the bill it should be decreed that the policy should be reformed, such reformed policy would be adduced in evidence in the law action. The relief sought by the bill is of no value, except to supply complainant with evidence in proper form to be used on the trial of the law action. If

upon the hearing on the bill it should appear that in the action at law judgment on the merits had gone against the plaintiff, the court would not proceed with the hearing, for it would thus appear that cause for a decree did not exist. In fact, therefore, the bill is in aid of the action at law. It is between the parties to the law action, and is dependent upon and auxiliary thereto, in such sense that service upon the attorneys charged with the duty of defending the law action may be had where such service cannot be made directly upon the party. There can be no possible question that service upon the attorneys in the law action of notice of the suing out commissions or letters rogatory for taking testimony would be good, and this proceeding is of the same general character. Should it be necessary, in order to properly defend the action at law, to obtain evidence by means of a bill of discovery or other proper process or proceeding, there can be no question that the counsel appearing for the company have the authority to institute such proceedings in performance of their duty to their client. They represent their principal in the field of evidence as well as in that of the pleadings and final trial of the cause, and in such capacity service may be had upon them in any auxiliary proceeding necessary in the preparation of the case for hearing.

It is also urged that the complainant need not have commenced the action at law, but that he should have brought a bill for the reformation of the contract in the first instance, and in the same proceeding have asked a decree for the damages sought. Such a course was doubtless open to the party, but he was not compelled to adopt it at his peril. He had a right to sue at law in the first instance, and then to bring his bill to perfect his evidence. The latter does not abate the former. The bill, as filed, does not seek relief beyond the reformation of the policy of insurance. If that is secured, the action at law remains to be heard. It is not perceived, however, that these objections bear upon the sole point involved in this motion, which is, whether service can be had upon the attorneys in the law action, under the facts appearing of record in this cause. As already indicated, the motion is not deemed well taken and is overruled. The defendant must plead to the bill by the April rule-day, or complainant will be entitled to a default *pro confesso,* and to proceed *ex parte.*