## GREGORY v. PIKE.

(Circuit Court of Appeals, First Circuit. March 13, 1897.)

### No. 206.

1. ANCILLARY PROCEEDINGS—SERVICE OF PROCESS.

Proceedings seeking to enjoin the defendant from prosecuting any suits touching certain matters except a certain equity cause are ancillary in their nature; but the bill, being technically an original one, requires process and service as other original bills of an ancillary nature.

2. SAME—SERVICE UPON ATTORNEY.

While in nearly all, if not in all, of the classes of proceedings of an ancillary character, service of process may be made under some circumstances on the attorney of record or on some other agent of the defendant in such proceedings, yet such special service is void in the absence of any allegation appearing of record, or any order of court, supporting the substitution.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit brought by Mary H. Pike against Charles A. Gregory, praying an injunction restraining said Gregory, his agents and attorneys, from further prosecution of certain suits touching the right of the complainant in certain notes, or the proceeds thereof, or any suits touching those matters, except a certain equity cause, to which it is alleged this bill is brought as a branch or ancillary suit, and in which the complainant prays this may be considered a cross bill. The facts out of which the controversy arose are stated in 15 C. C. A. 33, 67 Fed. 837, and 23 C. C. A. 138, 77 Fed. 241. Process was served on the attorney for said Gregory, and the court, upon motion, took the bill of complaint pro confesso for want of appearance and answer,

and subsequently entered a decree for injunction, from which defendant appealed.

Francis A. Brooks, for appellant.

John Lowell and Thomas H. Talbot, for appellee.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges

PUTNAM, Circuit Judge. It is impossible to regard this bill as a summary petition. In Gregory v. Pike, 15 C. C. A. 33, 67 Fed. 837, we held that we might regard a cross bill filed in those proceedings by one Kemp Van Ee as an intervening petition; but in that case we had full jurisdiction of the parties and of the merits, and our determination therein was, in effect, only a rejection of what was not necessary to a full disposition of the questions before us. But here the only question is one of jurisdiction, and we could not avoid it if we would. Whether or not the circuit court can hereafter allow a reframing of the pleadings so as to convert the present bill into a summary petition, or need do so, we cannot now determine. The proceedings are undoubtedly ancillary in their nature, but the bill is technically an original one, requiring process and service as other original bills of an ancillary nature. Story, Eq. Pl. § 388; Car Co. v. Washburn, 66 Fed. 790, affirmed on appeal in Washburn v. Car Co., 21 C. C. A. 598, 76 Fed. 1005. This case contains a detailed explanation of the classes of proceedings ancillary in their nature, but commenced by original writs or bills.

Rule 13 of the rules of practice in equity is as follows:

"The service of all subpœnas shall be by a delivery of a copy thereof by the officer serving the same to the defendant personally, or by leaving a copy thereof at the dwelling-house or usual place of abode of each defendant, with some adult person who is a member or resident in the family."

Notwithstanding this rule, and rules 14, 15, and 16, the law is well settled that in nearly all, if not in all, of the classes of proceedings of an ancillary character, service may be made, under some circumstances, on the attorney of record, or on some other agent, of the defendant in such proceedings, with the same effect as though made in strict compliance with the rule. Dunn v. Clarke, 8 Pet. 1, 3; Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633; Hobhouse v. Courtney, 12 Sim. 140; Murray v. Vipart, 1 Phil. Ch. 521; Adams, Eq. *324. So far there can be no doubt. But in this case service was made on a member of the bar of the circuit court, in lieu of service on the appellant, without any allegation appearing of record, or any order of the court, supporting the substitution. This was not allowable; and the service was, therefore, void, and all the proceedings following it were erroneous. Rules 11 to 16 relate principally to matters which may be done as of course with reference to the issue and service of process, and they may, therefore, be understood to have no universal application to proceedings under the special orders of the chancellor. Indeed, Minnesota Co. v. St. Paul Co., supra, was decided after the adoption of the rules referred to. Yet, so far as the point we are considering is concerned, the rules named operate as an express and

full limitation on parties complainant. The practice on this point, and the reasons therefor, will appear in the following cases, though some of them may lay down too narrow rules as to the classes of suits in which special service may be ordered: Smith v. Woolfolk, 115 U. S. 143, 148, 5 Sup. Ct. 1177; Eckert v. Bauert, 4 Wash. C. C. 370, Fed. Cas. No. 4,266; Ward v. Seabry, 4 Wash. C. C. 426, Fed. Cas. No. 17,161; Ward v. Seabring, 4 Wash. C. C. 472, Fed. Cas. No. 17,160; Hobhouse v. Courtney, supra; Murray v. Vipart, supra. The expressions of the lord chancellor in the last case show that a departure from the usual method of service of process, such as appears in this case, involves the exercise of judicial discretion, and something on record to support the judicial determination authorizing it; neither of which, as we have seen, exists here. A form for an order of service, suitable under some circumstances, will be found in Curt. Eq. Prec. The decree of the circuit court is reversed, with the costs of this court for the appellant, and the case is remanded to the circuit court, with directions to take proceedings not inconsistent with our opinion filed this day.