ESSENKAY CO. *v.* ESSENKAY SALES CO. *et al.* (No. 30.)

*(Jackson.* April Term, 1915.)

1. **EQUITY.** Cross-bill. Service. Persons on whom service may be made.

Where, in a suit by a nonresident, defendant files a cross-bill presenting matters not available in an answer, service of process thereon may be had on complainant's solicitor of record. (*Post, pp.* 288-292.)

Cases cited and approved: Henderson v. Campbell, 13 W. R., 704; Hitner v. Suckley, 2 Wash. C. C., 465; Dunn v. Clarke, 8 Pet., 1; Schenck v. Peay, 1 Woolworth, 175; Segee v. Thomas, Fed Cas., No. 12,633; Lowenstein v. Glidewell, Fed. Cas., No. 8575; Crellin v. Ely (C. C.), 13 Fed., 420; Pacific R. v. Mo. Pac. Ry. Co. (C. C.), 3 Fed., 772; Gregory v. Pike, 79 Fed., 520; Am. Graphophone Co. v. Smith, 1 App. D. C., 563; Eckert v. Bauert, 4 Wash. C. C., 370; Abraham v. North German Ins. Co. (C. C.), 37 Fed., 731; Love v. Hall, 11 Tenn., 408.

Cases cited and distinguished: Hope v. Hope, 4 De G., M. & G., 328; Ward v. Seabring, 4 Wash. C. C., 472.

2. **EQUITY.** Cross-bill. Application for service. Grounds.

A defendant, filing a cross-bill against a nonresident complainant, is entitled to an order for service of process on complainant's solicitor of record, though in making application defendant erroneously relies on Acts 1887, ch. 226, inapplicable to the case. (*Post, p.* 292.)

Acts cited and construed: Acts 1887, ch. 226.

Cases cited and approved: Life Ins. Co. v. Spratley, 99 Tenn., 322; Guthrie v. Indemnity Association, 101 Tenn., 643; Thach v. Continental Travelers' Mutual Accident Association, 114 Tenn., 271.

3. **EQUITY.** Pleading. Issues. Service of process.

The court refusing to make an order for service of process on nonresident complainant on defendant filing a cross-bill, may not

proceed to dispose of the matters involved in the cross-bill setting forth matters which could not properly appear in an answer. (*Post, pp.* 292, 293.)

Case cited and approved: Moore v. Tillman, 106 Tenn., 361.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. —FRANCIS FENTRESS, Chancellor.

McKELLAR & KYSER, for appellant.

ANDERSON & CRABTREE, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The bill in this case was filed to collect a note of $8,000 made by the defendants to the complainant. An answer and cross-bill were filed. The cross-bill presented certain matters of equity which could not properly appear in an answer. The complainants were non-residents, and therefore personal service could not be had on them. The defendants asked that service be made upon the solicitors of record for the complainants. The chancellor refused to make this order. This was error. The practice is laid down in 1 Daniell's Chan. Prac., marginal page 447 (Cooper's Ed.). It is there said:

"The principle upon which the court acts in directing substituted service is clearly enunciated by Lord Cranworth, C., in the case of *Hope* v. *Hope,* 4 De G., M. & G., 328, in which case he says that, 'where there is an

agent in this country managing all the affairs of a defendant who is abroad, and regularly communicating with him upon his affairs, or where he has an agent here specially managing the particular matter involved in the suit, the court has felt that it might safely allow service upon the agent to be deemed good service upon the person abroad, because the inference was irresistible that service so made was service on a person either impliedly authorized to accept that particular service, or who certainly would communicate the process so served to the party who was not in this country to receive it himself. The object of all service was, of course, only to give notice to the party on whom it was made, so that he might be made aware of, and able to resist, that which was sought against him, and when that had been substantially done, so that the court might feel perfectly confident that service had reached him, everything had been done that was required.' "

In a note to the last sentence it is said that where a bill was filed against a firm, one member of which was resident abroad, substituted service on the members in England was directed—citing *Henderson* v. *Campbell*, 13 W. R., 704, L. J. J.

It is further stated in the text, however, that substituted service of a copy of the cross-bill upon the solicitor who filed the original bill will not be ordered, but that the court will in such a case stay the proceedings in the original cause until the defendants have entered an appearance. But in a note it is shown that the American rule is different, that substituted service

is permitted in the United States courts in cross-causes, and injunction bills to stay proceedings at law in the same court—citing *Hitner* v. *Suckley,* 2 Wash. C. C., 465, Fed. Cas., No. 6543; *Ward* v. *Seabring,* 4 Wash. C. C., 472, Fed. Cas., No. 17160; *Dunn* v. *Clarke,* 8 Pet., 1, 8 L. Ed., 845; *Schenck* v. *Peay,* 1 Woolworth, 175, ·Fed. Cas., No. 12450.

In *Ward* v. *Seabring,* supra, it is said:

''In cases of injunctions to stay proceedings at law, and cross-suits in equity, and in no others, will the court direct service of the subpoena to be made on the attorneys at law, or upon the adverse solicitor in the cross-suit. . . . The practice of the court directing service of the subpoena on the attorney of the plaintiff at law in cases of injunctions, and on the solicitors of the plaintiff in the original suit, where, a cross-bill is filed, is founded on the necessity of the case; the plaintiff in the action at law and in the original suit in equity in most cases residing out of the district in which the court sits, and there being no remedy for the party unless it is afforded by entertaining those suits and countenancing a service of the subpoena on the· law agent of the nonresident party.''

The other cases cited are in full accord. To· these we may add *Segee* v. *Thomas,* Fed. Cas., No. 12633, 3 Blatchf., 11; *Lowenstein* v. *Glidewell,* Fed. Cas., No. 8575, 5 Dill., 325; *Crellin* v. *Ely* (C. C.), 13 Fed., 420; *Pacific R.* v. *Missouri Pacific Ry. Co.* (C. C.), 3 Fed., 772; *Gregory* v. *Pike,* 79 Fed., 520, 25 C. C. A., 48; *American Graphophone Co.* v. *Smith,* 1 App. D. C., 563;

*Eckert* v. *Bauert,* 4 Wash. C. C., 370, Fed. Cas., No. 4266; *Abraham* v. *North German Ins. Co.* (C. C.), 37 Fed., 731, 3 L. R. A., 188.

An order of the court must be made allowing the substituted service, as a preliminary thereto, and such order or a copy thereof must be served with the process, and copy of the bill, and it must be stated in the order that it is to be so served. 1 Dan. Ch. Pr., marg. p. 449. The application for the order may be an *ex parte* motion, supported, when necessary, by affidavit showing the efforts that have been made to effect service. That all practicable means have been exhausted, and showing how the substitute service is to be effected. Id. But, of course, where the parties to be served, the complainants in the original bill, are nonresidents, and represented by resident counsel, this need only be shown. And as to the necessity of an order by the court, see, further, *Gregory* v. *Pike,* supra; *Pacific R.* v. *Missouri Pac. Ry. Co.,* supra.

As to the statement in the text of Daniell, supra, based on certain English authorities, to the effect that in the case of a cross-bill substituted service will not be ordered, but that the cause will be stayed until the complainant in the original bill enters his appearance to the cross-bill, we think the American practice is more direct, more speedy, and in every way better. It is perfectly apparent that no more effective means, aside from actual personal service, can be devised conveying information to the nonresident party than by serving the process on his attorney in that very case. The

court may be reasonably sure that the attorney will promptly give full information of the fact to his client, and in addition will counsel him as to his rights and duties under the circumstances. See our own case of *Love* v. *Hall,* 3 Yerg. (11 Tenn.), 408, which has a general bearing on the subject.

It is not material that the counsel in the present case, in making application for the order, relied on chapter 226, Acts of 1887. It was sufficient that the motion was properly made. It lay within the power of the chancellor to grant it, although the counsel cited inapplicable law in its support.

The cases of *Life Insurance Co.* v. *Spratley,* 99 Tenn., 322, 42 S. W., 145; *Guthrie* v. *Indemnity Association,* 101 Tenn., 643, 49 S. W., 829, and *Thach* v. *Continental Travelers' Mutual Accident Association,* 114 Tenn., 271, 87 S. W., 255, have no bearing on the question. These cases all involve applications of chapter 226, Acts of 1887.

It seems that the chancellor, after refusing to make the order for service, proceeded to dispose of the matters involved in the cross-bill as if these matters could be properly included in an answer, and held, after the evidence was introduced, that these matters were not proven. It is now insisted by counsel for complainant that we should do likewise, and that, if we find the chancellor's conclusion on the facts was correct, we shall be able to see that no injury was done the defendants. But suppose we reach a different conclusion on the facts, and shall be of the opinion that defendant is entitled to

Essenkay Co. v. Essenkay Sales Co.

a judgment against the complainant; we shall then be unable to render judgment for want of proper pleadings, and shall have to remand the cause for issue and trial, and shall have thus used the time of the court to no purpose. Even if the parties themselves had thus agreed, by conduct, to waive the necessity of a cross-bill, the result would be the same. *Moore* v. *Tillman,* 106 Tenn., 361, 365, 366, 61 S. W., 61.

The decree of the chancellor must be reversed, to the end that the order for service may be granted, and that the cross-bill may be served, and that it may be put at issue, and that the whole case may be heard at one time.

Complainants will pay the costs of the appeal.