SARANAC MACHINE COMPANY, COMPLAINANT, APPELLANT,
v. NANTS AND COMPANY, DEFENDANT, APPELLEE.*

(*Jackson*, April Term, 1932.)

Opinion filed June 18, 1932.

---

*On rights of parties to conditional sale as affected by breach of warranty, see annotation in 48 A. L. R., 969.

As to recoupment for demands based on other contracts or transactions, see 24 R. C. L., 851; R. C. L. Perm. Supp., p. 5499; R. C. L. Pocket Part, title Set-off and Counterclaim, section 55.

458

R. E. MAIDEN and D. W. HARPER, for complainant, appellant.

GEORGE C. ROWLETT and J. W. RANKIN, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit in chancery, under the enlarged jurisdiction of that court (Thompson's-Shannon's Code, Sec. 6109), by a conditional vendor to recover from a conditional vendee possession of certain machinery of the original value of $1,565—defendants being charged with default in meeting the obligations of the contract of sale.

The defendants filed an answer apparently denying any default at all on their part, although it seems to be conceded at the bar that defendants have failed to pay two purchase money notes. Filing their answer as a cross-bill, defendants proceeded to detail another transaction between themselves and complainant, in which it was alleged complainant breached its contract with them in certain particulars, by reason whereof defendants or cross-complainants sustained large damages, unliquidated, the amount of which was laid at $10,000 and a decree for same asked.

Substituted service of the cross-bill was ordered and had on complainant's solicitor, and after some amendments to the cross-bill, the original complainant demurred thereto. The demurrer was overruled by the chancellor and complainant permitted to appeal.

This is not a suit to enforce the lien of a conditional vendor in equity as in *Ice and Coal Co.* v. *Alley,* 127 Tenn., 173, and cases therein cited. No sale of the machinery was sought by the bill. If a sale had been prayed and granted, there might have been a money judgment over for any deficiency. The court was merely asked in the bill for a decree for possession of the property. Possession having thus been regained it would have been incumbent upon the complainant to follow the provisions of the conditional sales act, Thompson's-Shannon's Code, Section 3666, *et seq.*

True the bill did pray for rents and profits of the machinery while it was in defendants' possession and damages by reason of defendants' retention thereof. Such prayers, however, were ineffective and must be disregarded as surplusage. The conditional vendee is entitled to the possession, use and profits of property so purchased.

No money judgment therefore could have been awarded complainant on the original bill. All complainant could have obtained was a decree for possession of the property. The case therefore falls directly under the authority of *Blair* v. *Johnson & Sons,* 111 Tenn., 111. It was therein held that set-off or recoupment was not available to a defendant in a replevin suit under our statutes. The court said:

"Yet we think the fundamental idea involved in all offsets and recoupments is that they are brought forward by a defendant in opposition to some money demand asserted by the plaintiff. In these actions it is contemplated that the plaintiff's demand shall be abated or lessened by that of the defendant. But how can this be, when the two actions proceed on wholly different lines, the plaintiff, by a possessory action, demanding the possession of certain property and the defendant demanding damages by reason of the breach of a contract concerning that property? Take, for illustration, the facts of the present case. The sale of the wagon was upon a condition. The condition has failed, and the plaintiff has, undoubtedly, a right to the possession of the property. There was a warranty of soundness, and, assuming as true the matters which were offered to be proven, the warranty was broken, and the defendant is entitled to damages, to the extent, at least, of the difference in value between the article as represented and as it actually turned out to be. *Smith* v. *Cozart,* 2 Head, 528. There would be a judgment then for the plaintiffs to the full extent of their claim, also one for the defendant for the full amount of damage to which he would be entitled under his warranty, and neither would abate or lessen the other, or bear any relation thereto, except that they

originated in a dealing in and about the same article of personal property.''

 In addition to the foregoing, the defendants could not have a set-off in this case because their demand is unliquidated. *Arco Co.* v. *Garner & Co.,* 143 Tenn., 262. They could not have recoupment because their cross-claim grows out of a different transaction. *Mack* v. *Hugger Bros. Const. Co.,* 153 Tenn., 260.

██ .The force of the authorities just referred to seems to be conceded by counsel for the defendant but it is urged that different rules should be applied because of the nonresidence of the complainant. We do not quite follow this argument. Indeed we think the complainant is not properly before the court as a defendant to the cross-bill herein.

In *Essenkay Co.* v. *Essenkay Sales Co.,* 132 Tenn., 287, it was held, in a case where a cross-bill was maintainable against a nonresident complainant, that service might be directed on the resident solicitor for that complainant, thus making such complainant a defendant to the cross-bill.

However, when the cross-bill is not maintainable, such substituted service is not proper and the court acquires no jurisdiction. *Providence Rubber Co.* v. *Goodyear,* 9 Wall., 807, 19 L. Ed., 587.

For the reasons stated, the decree overruling the demurrer to the cross-bill must be reversed and the cause remanded for further proceedings. Defendants will pay the costs of appeal.