HOOD LUMBER CO. v. FIVE POINTS LUMBER CO.

*(Jackson,* April Term, 1952.)

Opinion filed June 7, 1952.

BRADY & RICE, of Jackson, for appellant.

MOSS & BENTON, of Jackson, for appellee.

PER CURIAM.

The question involved on this appeal is whether or not Code Section 8746 applies to suits in the Chancery Court. The chancellor and the Court of Appeals differed in their application of the statute, and for this reason we granted certiorari.

■■ Upon full consideration of the authorities we think the statute applies only to suits at law, and that suits to recover unliquidated damages, as in the case at bar, cannot be interposed as a cross action to a bill in equity. The Court of Appeals' opinion, prepared for the Court by JUDGE SWEPSTON, is adopted as the opinion of this Court. It reads as follows:

"The question in this appeal is whether Code Section 8746 applies to our Chancery Courts.

"Hood Lumber Company, a Mississippi corporation filed its bill against Five Points Lumber Company, a Tennessee corporation, in Madison County, Tennessee, to recover the price of a carload of lumber.

"Defendant filed its answer and cross-bill admitting liability for the debt and setting up a counterclaim for unliquidated damages arising out of the breach of a previous and separate contract for the purchase of another car of lumber which Hood failed to deliver, the said cross-bill being expressly filed under above statute and service was had on the resident attorney of the non-resident complainant.

"Complainant demurred to same on the grounds

(1) said statute is not applicable to Chancery proceedings and (2) said cross-bill for unliquidated damages arising out of a transaction separate from the matter of the original bill is not otherwise maintainable.

"The demurrer was overruled and complainant has appealed and assigned error covering the points made by the demurrer.

"Counsel for both parties have fully briefed their respective contentions and plausible argument supports either view.

"The section in question appears in Part III of the 1932 Code as one of five new sections, 8745-8749.

"Section 8745 provides that the defendant in a tort action may file a cross-declaration against plaintiff on a cause of action growing out of the same act, accident or transaction upon giving a cost bond.

"Section 8746 reads as follows:

" '8746. Resident and non-resident adversaries:— In actions or suits in which a resident of another state and resident of this state are adversary parties, every claim or demand against the suing parties, or any of them, whether liquidated or unliquidated sounding in tort or contract, expressed or implied, or whether arising in the same or a different transaction, may be set up by plea of set-off, or as counterclaim by counter-declaration in manner and time and on conditions set forth in the section next above.'

"8747 provides for service of a copy of the cross-declaration as in the nature of process; and if the original plaintiff is a non-resident, the same is to be served on his attorney of record.

"8748 reads:

" 'The original plaintiff may demur or plead to the counter-declaration as in case of an original within the time allowed for the filing of a *rejoinder,* unless a longer time be allowed by the court; and the pleadings shall proceed to issues under both the original and counter-declaration '.

"8749 relates to 'formulation of issues, verdict and judgment'.

"Part III of the code is devoted to the Redress of Civil Injuries:

"Title I under this is directed at 'Civil Actions' and contains 15 'chapters'; some of these chapters clearly apply to all courts. Yet it seems equally clear that chapter 9, wherein the questioned Section 8746 appears as 'article 3', is intended to apply to common law courts only and not to chancery, for the following reasons:

" (1) Chapter 9 is headed 'Pleadings in civil actions' and the first section reads:

· " 'Pleadings in all legal proceedings:—The pleadings treated of in this chapter apply to all actions at law, and to all legal proceedings for the redress of civil injuries in which pleadings are necessary and *not otherwise expressly provided for'.*

" (2) Technical words of common law pleading are used, such as 'declaration', 'general issue', 'replication', and 'subsequent pleadings', 'forms of pleas' etc., all of which terms are unrelated to chancery.

" (3) Chancery pleading is otherwise expressly provided for in Title X, chapter 2 under 'Chancery'.

" (4) Common law pleading is here provided for and not elsewhere, even under Title IX, under Circuit Court.

"(5) In chancery a suit is commenced by the filing of the bill followed by process nominated a 'subpoena to answer', whereas an action in the Circuit Court is commenced by the issuance of process called a 'summons'. In Chancery no special plea or demurrer is required, except one to the jurisdiction of the court, as all matters may be set up in the answer; there is no replication or other pleading after answer filed; affirmative relief must be sought by cross-bill; new parties may be brought in by cross-bill.

"(6) The statute under consideration provides for a cross or counter declaration in common law courts where such was theretofore non-existent, whereas cross-bills in chancery have long been the practice.

"*Stevens* v. *Linton,* 190 Tenn. 351, 229 S. W. (2d) 510.

"(7) In case of a non-resident complainant suing a resident, chancery practice already permitted defendant having a cross claim or demand to set up same by cross-bill and have an order of court for service of process on the resident solicitor of record for the non-resident complainant.

"*Essenkay* v. *Essenkay Sales Co.*, 132 Tenn. 287, 177 S.W. 1157.

"(8) We recognize the force of the argument of counsel for cross-complainant that the use of the word 'counterclaim' in connection with the words 'in actions or suits' indicate a purpose to include the right to assert the counterclaim in the chancery court, because it cannot be assumed that the learned and able lawyers who compiled the 1932 Code used loose terminology. Also, in 47 Am. Jur. 716, section 11, it is said:

" 'Counterclaim was not known to the common law, or to early English and American practice, but is a code term and very closely corresponds to the cross-bill of the old chancery practice, although it is more comprehensive'.

"Yet we think this view is untenable for reasons heretofore given as well as for the following:

"(a) if the compilers did intend to include all courts, they failed to do so, for having created a right of counterclaim they failed to implement its enforcement except by cross-declaration and subsequent pleadings familiar to the courts of law and unknown to chancery;

"(b) the right to set up a counterclaim, within well established limits already existed in chancery and is recognized by another section of the Code, 10393 appertaining to testing the sufficiency of same when set up in an answer, yet no reference is made in the cross-declaration statute to the existing right or the enforcement of same in chancery.

"Another argument in behalf of cross-complainant is that the construction confining the enforcement of the broad right of counterclaim created by Section 8746 gives a resident defendant greater rights in the Circuit Court than are available in Chancery. If so, that is matter for the legislature and not for the courts.

"Referring to the second ground of demurrer, counsel relies upon

"*Saranac Mach. Co.* v. *Nants & Co.*, 164 Tenn. 457, 51 S. W. (2d) 479, that the cross-bill is not otherwise maintainable.

"This was a replevin suit by a non-resident.

"The resident defendant sought to set off an unliquidated claim for damages by way of cross-bill.

"Held, (1) Set-off or recoupment not available against a replevin action (2) and for the further reasons that the demand arose out of a different transaction and was unliquidated.

"We have considered the question of the right to set-off on account of the non-residence of the cross-defendant, because of the statements in many of the older cases to the effect that independent of the statute equitable set-off will be allowed in any case of insolvency, non-residence or removal from the State of the cross-defendant, or other embarrassment in enforcing the cross-demand.

"See *Nashville Trust Co.* v. *Bank,* 91 Tenn 336, 344, 18 S. W. 822, 15 L.R.A. 710 and

"*Edminson* v. *Baxter* [5 Tenn. 112], 4 Hayw. 112.

"But the Saranac case, supra, seems to settle the question otherwise. The Court said:

" 'The force of the authorities just referred to seems to be conceded by counsel for the defendant but is urged that different rules should be applied because of the non-residence of the complainant. We do not quite follow this argument. Indeed we think complainant is not properly before the court as a defendant to the cross-bill herein'.

"The assignments of error are sustained, the decree of the Chancellor reversed and the cross-bill dismissed with costs."