GREENEVILLE CABINET COMPANY *v.* CLARENCE HAUFF *et ux.*

(*Knoxville*, September Term, 1954.)

Opinion filed November 16, 1954.

LEON E. EASTERLY and THOMAS G. HULL, both of Greeneville, for appellants.

S. J. MILLIGAN and F. H. PARVIN, both of Greeneville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor sustained the demurrer of complainant Greeneville Cabinet Company to the answer and the cross-bill filed by the defendants Hauff and wife.

The bill was filed by complainant Greeneville Cabinet Company against the defendants, wherein it was stated that it had become necessary to enlarge its plant in Greeneville, and to that end it had purchased several tracts of land adjoining its plant, among which was a house and lot purchased from the defendants Hauff for $15,000 in cash. Deed to the property was dated February 25, 1951, conveying fee simple title to the complainant without any reservations.

The bill set out that after the property was sold the defendants constructed a new house, which at the time of the filing of the bill was practically complete.

The bill further set out that upon acquiring the property the Cabinet Company made a contract for the erection of an extension of its building, and upon reaching defendants' property they refused to vacate the same unless they were paid an additional sum of $3,000. Thereupon

complainants wrote the defendants to vacate and this the defendants declined to do.

Prior to the execution of the deed the defendants signed an agreement, whereby they agreed to convey the property at a stipulated price, which memorandum carried a statement that the defendants would be allowed to live in the residence until their new home was completed, however, no such reservation was carried into the deed above mentioned, and complainants insist that even though this deed had contained such provisions that the defendants had completed their house for all practical purposes, and that it was in such condition that they could move in and occupy same if they desired to do so.

The bill further sets out that complainants were entitled to an injunction against the defendants prohibiting them from interfering with its construction work, and to a mandatory injunction requiring the defendants to vacate the property.

Following this an injunction was issued on July 12, 1951, and on July 17, 1951, an answer and cross-bill was filed by the defendants, the latter admitting the execution of the deed, but stated that their new home was not ready for occupancy and would not be ready for about three weeks. They admitted having received the notice to vacate.

The defendants also set out that they would be greatly inconvenienced if required to move, and that one of the defendants, Evelyn Hauff, was suffering from tuberculosis and that injury to her health would result.

Later the Chancellor declined to dissolve the injunction.

On August 18, 1951, the Greeneville Cabinet Company filed an answer to the cross-bill denying the statements therein. Following this the cross-complainants vacated

the premises and moved into their new residence, which they claimed had not been completed, and that as a result of being compelled to move Mrs. Hauff's tubercular condition was made worse, and that Mr. Hauff's ulcerated stomach was made worse.

It was set out that the defendant Hauff suffered damages to his business on account of thus being disturbed.

The Cabinet Company filed a demurrer to the cross-bill setting up that the cross-bill states no cause of action on which relief can be granted.

This demurrer was overruled and a discretionary appeal was allowed. The cause was heard by this court and the decree of the Chancellor in that case reversed. 263 S. W. (2d) 526.

Thereafter cross-defendant filed a demurrer to the cross-bill on the ground that the Hauffs were seeking to recover unliquidated damages; that the Hauffs were seeking possession of the property which the Cabinet Company had purchased, and that the cross defendants were seeking to set up a claim of unliquidated damages; also the injunction had not been dissolved and that the action is premature. The present case was in all respects sustained by the Chancellor.

It is said in Gibson's Suits in Chancery, paragraph 863:

"No damages will be allowed which are not the actual, natural and proximate, result of the injury arising from the suspension or violation of the defendant's vested legal rights by the injunction. Damages that are remote, speculative or contingent, will not be allowed."

In the case of *Hood Lumber Co.* v. *Five Points Lumber Co.,* 193 Tenn. 681, 249 S. W. (2d) 896, it was held that a statute providing for setting up a counterclaim of liqui-

dated or unliquidated tort or contract claims, expressed, or implied, whether arising from same or different transactions, applies only to suits at law.

Under Code Section 10377 defining the jurisdiction of the Chancery Court it is provided:

"It has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, except in the cases excepted."

The defendants cannot assert their claims for the reason that their demands are for unliquidated damages. *Arco Co.* v. *Garner & Co.,* 143 Tenn. 262, 227 S. W. 1025.

In the case of *Saranac Mach. Co.* v. *Nants & Co.,* 164 Tenn. 457, 51 S. W. (2d) 479, a conditional vendor brought suit in the Chancery Court, seeking merely a decree for possession of property and seeking no money judgment. The defendants filed answers and cross-bill, detailing another transaction between themselves and complainant, seeking unliquidated damages. In that case the court said:

"This is not a suit to enforce the lien of a conditional vendor in equity as in *Southern Ice & Coal Co.* v. *Alley,* 127 Tenn. 173, 154 S.W. 536, and cases therein cited. No sale of the machinery was sought by the bill. If a sale had been prayed and granted, there might have been a money judgment over for any deficiency. The court was merely asked in the bill for a decree for possession of the property. Possession having thus been regained, it would have been in-

cumbent upon the complainant to follow the provisions of the Conditional Sales Act, Thompson's-Shannon's Code, Section 3666 et seq.

"True, the bill did pray for rents and profits of the machinery while it was in defendants' possession and damages by reason of defendants' retention thereof. Such prayers, however, were ineffective, and must be disregarded as surplusage. The conditional vendee is entitled to the possession, use, and profits of property so purchased.

"No money judgment therefore could have been awarded complainant on the original bill. All complainant could have obtained was a decree for possession of the property. The case therefore falls directly under the authority of *Blair* v. [*A.*] *Johnson & Sons*, 111 Tenn. 111, 76 S.W. 912, 913. It was therein held that set-off or recoupment was not available to a defendant in a replevin suit under our statutes. The court said:

" 'Yet we think the fundamental idea involved in all offsets and recoupments is that they are brought forward by a defendant in opposition to some money demand asserted by the plaintiff. In these actions it is contemplated that the plaintiff's demand shall be abated or lessened by that of the defendant. But how can this be, when the two actions proceed on wholly different lines, the plaintiff, by a possessory action, demanding the possession of certain property, and the defendant demanding damages by reason of the breach of a contract concerning that property? Take, for illustration, the facts of the present case. The sale of the wagon was upon a condition. The condition has failed, and the plaintiff has, undoubtedly, a right to the possession of the property. There was a war-

ranty of soundness, and, assuming as true the matters which were offered to be proven, the warranty was broken, and the defendant is entitled to damages, to the extent, at least, of the difference in value between the article as represented and as it actually turned out to be. *Smith* v. *Cozart*, 2 Head [526] 528, [39 Tenn. 526, 528]. There would be a judgment then for the plaintiffs to the full extent of their claim, also one for the defendant for the full amount of damage to which he would be entitled under his warranty, and neither would abate or lessen the other, or bear any relation thereto, except that they originated in a dealing in and about the same article of personal property.' "

In the present case the Cabinet Company filed its suit seeking merely a decree for possession of the property and the cross-complainants then sought a money judgment for unliquidated damages.

We are of the opinion that the court had no jurisdiction for such cross action under Code Section 10377 supra.

Under this statute the Chancery Court has no jurisdiction for the reason that the claim asserted is for unliquidated damages and injury to the persons of the defendants.

We are therefore of the opinion that the Chancellor was correct in sustaining the demurrer filed by the Cabinet Company and in dismissing the cross-bill. The assignments of error are accordingly overruled and the decree of the Chancellor will be affirmed.